FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

AUG 29 2011

Stephan Harris, Clerk
Cheyenne

R. Daniel Fleck – Wyo, Bar #6-2668
M. Kristeen Hand – Wyo. Bar #6-3544
THE SPENCE LAW FIRM, LLC
15 South Jackson
P.O. Box 548
Jackson, WY 83001
(307) 733-7290
(307) 733-5248 facsimile

William L. Simpson – Wyo. Bar #5-2189
SIMPSON, KEPLER & EDWARDS, LLC
1135 14th Street
P.O. Box 490
Cody, WY 82414-0490
(307) 527-7891
(307) 527-7897 facsimile

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| JIMMIE G. BILES, JR., MD,<br>a resident of Wyoming,<br><br>Plaintiff,<br><br>vs.<br><br>LISA SHAURETTE FALLON,<br>a resident of Indiana,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    **CIVIL NO.** 11-CV-294-J |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, by and through his counsel, R. Daniel Fleck and M. Kristeen Hand of THE

SPENCE LAW FIRM, LLC, and William L. Simpson of SIMPSON, KEPLER & EDWARDS, LLC and

for his claims for relief against the Defendant, Lisa Shaurette Fallon, states and alleges as

follows:

## PARTIES

1.  Plaintiff Jimmie G. Biles, Jr., MD is a resident of the State of Wyoming. He is domiciled in Cody, Wyoming.

2.  Defendant Lisa Shaurette Fallon is a resident of the State of Indiana.

3.  Defendant Fallon is domiciled at: 9166 Pointe Ct., Fishers, IN, 46037-9573, Hamilton, County.

4.  Defendant Fallon's cell phone number at times material was and still is 317.407.4360.

5.  Defendant Fallon's cell phone carrier was and still is Cellco Partnership, which operates in association with Verizon Wireless.

6.  Defendant Fallon's email address at time material was and still is: lisafallon147@yahoo.com

7.  Defendant Fallon has a Facebook account under the name: Lisa Shaurette Fallon.

8.  Prior to taking up residence in Fishers, Indiana, Defendant Fallon resided in Billings, Montana.

9.  While living in Billings, Montana, Defendant Fallon was employed as a nurse.

10. Defendant Fallon has a college degree in nursing, and is currently employed as a registered nurse.

11. Plaintiff Jimmie Biles, MD is an orthopedic surgeon practicing in Cody, Wyoming.

## JURISDICTION & VENUE

12. Plaintiff incorporates by reference all statements and allegations contained in numbered paragraphs above.

COMPLAINT
PAGE 2 OF 13

13. Jurisdiction is based on diversity of citizenship.  28 U.S.C. § 1332.  The amount in controversy is substantially in excess of Seventy Five Thousand Dollars ($75,000.00), exclusive of interests and costs.

14. This Court has both personal and subject matter jurisdiction.  Plaintiff's causes of action arise from and are directly related to the Defendant's intentional traduction, distribution and publication of defamatory statements to over fourteen thousand Wyoming residents.

15. Pursuant to 28 U.S.C. § 1391, the proper venue for this cause of action is the United States District Court for the District of Wyoming since this is the judicial district where a substantial part of the events giving rise to the claim occurred.

## STATEMENT OF FACTS

16. Plaintiff alleges and incorporates by reference herein all of the allegations contained in paragraphs above.

17. On or about November 9, 2010, Defendant Fallon contacted Sharp Printing, Inc., a commercial printing service located in Fishers, Indiana.

18. Defendant Fallon asked the commercial printing service to provide her a cost estimate to print and mail a particular flyer to particular addresses in Wyoming.

19. On or about November 9, 2010, Defendant Fallon emailed an electronic copy of the flyer and an electronic copy of the spreadsheet of mailing addresses to the commercial printing service in order to obtain an estimated cost to print and mail the flyer to the addresses contained in the spreadsheet.

20. Defendant Fallon used this email address to communicate with the commercial printing service: lisafallon147@yahoo.com.

21. Defendant Fallon used this cell phone number to communicate with the commercial printing service:  317.407.4360.

22. Thereafter, the commercial printing service emailed to Defendant Fallon at her Yahoo address an estimate cost of $5,849.47 to print and mail the flyer via the United States Postal Service to the 14,239 Wyoming addresses included on Defendant's spreadsheet of addresses.

23. All 14,239 addresses provided by the Defendant were Wyoming addresses, the vast majority of which were addresses for residents of the following Wyoming towns: Cody, Worland, Powell, Thermopolis, Greybull, Basin, Lovell, Manderson, Meeteetse, Kirby, Ten Sleep, Frannie, Burlington, Wapiti, Cowley, Shell, Yellowstone, Otto, and Byron.

24. Defendant Fallon hired the commercial printing service to print and mail the flyer via the United States Postal Service to the 14,239 Wyoming addresses on the spreadsheet she provided.

25. On or about November 30, 2010, at the direction of Defendant Fallon, the commercial printing service mailed the flyer via the United States Postal Service to the 14,239 Wyoming households listed on the spreadsheet of addresses provided by Defendant Fallon.

26. Defendant Fallon personally appeared at the commercial printing service's office in Fishers, Indiana, and paid her invoice with a cashier's check.

27.   Defendant Fallon's cashier check was drawn from a bank called Old National, Branch No. 202, located at 9765 East 116th Street, Fishers, IN 46037.

28.   Defendant Fallon paid the commercial printing service a total of $5,849.47 to print and mail the flyer to 14,239 Wyoming households.

29.   Beginning on or about December 8, 2010, Plaintiff Jimmie Biles, MD and his wife, Rachael Biles, received phone calls from people who had received the Defendant's flyer through the United States Postal Service, and these people expressed their understanding of the defamatory natured material.

30.   Plaintiff obtained a copy of the flyer from one of the recipients on December 8, 2010.

31.   Defendant's flyer contains false and defamatory statements concerning the Plaintiff Dr. Jimmie Biles.

32.   Upon information and belief, Defendant Fallon did not act alone, but instead, published the defamatory statements concerning the Plaintiff at the request of another.

33.   Upon information and belief, Defendant Fallon did not use her own money to pay for the printing and mailing of the flyers, but instead, she used someone else's money to pay the commercial printing service.

34.   Upon information and belief, Defendant Fallon, at all times material, was acting as an agent for another person, and Defendant Fallon was doing that which was within her express, implied, or apparent authority granted to her by a principal party.

35.   The spreadsheet of addresses was created by Defendant Fallon.

36. In the alternative, the spreadsheet of addresses was compiled by someone else at the request of Defendant Fallon.

37. In the alternative, the spreadsheet of addresses was compiled by someone other than Defendant Fallon and at the request of someone other than Defendant Fallon.

38. An electronic copy of the spreadsheet of addresses was given to Defendant Fallon by another person.

39. The flyer was created by Defendant Fallon.

40. In the alternative, the flyer was created by someone else at the request of Defendant Fallon.

41. In the alternative, the flyer was created by someone other than Defendant Fallon and at the request of someone other than Defendant Fallon.

42. The flyer was created on a computer owned or controlled by Defendant Fallon.

43. In the alternative, the flyer was created by someone else on a computer that is and was never owned or controlled by Defendant Fallon.

44. An electronic copy of the flyer was given to Defendant Fallon by another person.

## FIRST CAUSE OF ACTION
### DEFAMATION

45. Plaintiff alleges and incorporates by reference herein, all of the allegations contained in paragraphs above.

46. Statements of fact made in the flyer Defendant Fallon had published to 14,239 Wyoming households were false.

47.  Therefore, Defendant Fallon made false and defamatory statements of fact concerning the Plaintiff Jimmie Biles, MD.

48.  Defendant Fallon made an unprivileged publication of the defamatory statements to one or more third parties when she paid a commercial printing service to print and mail the flyers containing the defamatory statements to 14,239 Wyoming households.

49.  Defendant Fallon's false and defamatory communications contained in the flyer tend to hold Plaintiff Jimmie Biles, MD up to hatred, contempt, ridicule and scorn; and causes the Plaintiff to be shunned and avoided; and tend to injure the Plaintiff's reputation as to diminish the esteem, respect, goodwill, and confidence in which he is held.

50.  At the time Defendant Fallon published the defamatory flyer, she knew the material contained in the flyer was false.

51.  At the time Defendant Fallon published the defamatory flyer, she acted in reckless disregard of whether the communication false.

52.  At the time Defendant Fallon published the defamatory flyer, she acted negligently in failing to ascertain whether the communication was false.

53.  Defendant Fallon published the defamatory statements with actual malice, ill will and spite toward the Plaintiff and with a reckless indifference to the rights of the Plaintiff.

54.  Defendant Fallon's false and defamatory communications concerning the Plaintiff constitute defamation per se because the false statements in the flyer impute a criminal offense on to the Plaintiff, Jimmie Biles, MD, and impute conduct, characteristics and

conditions intended to adversely affect the Plaintiff's fitness for the proper conduct of his lawful business, that is, the practice of medicine.

55. The Plaintiff Jimmie Biles, MD suffered a loss and continues to suffer a loss having economic and pecuniary value as a direct and proximate result of the false publication by Defendant.

56. Plaintiff Jimmie Biles, MD is not a public figure as defined by Wyoming defamation law.

57. At the time Defendant Fallon published the defamatory statements in the flyer, she was acting in concert with and at the direction of another person.

58. At the time Defendant Fallon published the defamatory flyer, she was acting as an agent for another person, and doing that which was within her express, implied, or apparent authority granted to her by her principal.

## SECOND CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

59. Plaintiff alleges and incorporates by reference herein, all of the allegations contained in paragraphs above.

60. The intentional and reckless acts and omissions of the Defendant, as alleged herein, amount to extreme and outrageous conduct, which resulted in severe emotional distress to the Plaintiff Jimmie Biles, MD.

61. Defendant's conduct is so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and is to be regarded as atrocious and utterly intolerable in a civilized community.

62. As a direct and proximate result of Defendant Fallon's intentional infliction of emotional distress on the Plaintiff, the Plaintiff has suffered damages for emotional distress for which the Defendant is responsible.

63. At the time Defendant Fallon intentionally and recklessly published the defamatory statements in the flyer, she was acting in concert with and at the direction of another person.

64. At the time Defendant Fallon published the defamatory flyer, she was acting as an agent for another person, and doing that which was within her express, implied, or apparent authority granted to her by her principal.

### THIRD CAUSE OF ACTION
### INTENTIONAL INTERFERENCE WITH ECONOMIC RELATIONS

65. Plaintiff alleges and incorporates by reference herein, all of the allegations contained in paragraphs above.

66. Plaintiff Jimmie Biles, MD operates a medical practice in Cody, Wyoming and there exists a valid business expectancy.

67. Defendant Fallon knew that Plaintiff Jimmie Biles, MD was a medical doctor practicing in Cody, Wyoming.

68. By publishing defamatory and false statements to over 14,239 Wyoming households by using the United States Postal Service, Defendant Fallon intentionally and improperly interfered with Plaintiff's medical practice by inducing and causing a disruption, breach and termination of Plaintiff's business expectancy.

69.     As a direct and proximate result of Defendant Fallon's intentional interference with and disruption of Plaintiff's business expectancy, Plaintiff Jimmie Biles, MD has suffered damages.

70.     At the time Defendant Fallon published the defamatory and false statements causing financial injury to the Plaintiff, she was acting in concert with and at the direction of another person.

71.     At the time Defendant Fallon published the defamatory flyer, she was acting as an agent for another person, and doing that which was within her express, implied, or apparent authority granted to her by her principal.

## DAMAGES

72.     As a direct and proximate result of the defamation per se imputed to Plaintiff Jimmie Biles, MD by Defendant Fallon, as described herein, damages to the Plaintiff Jimmie Biles, MD are presumed as a matter of law.

73.     As a direct and proximate result of the negligent, reckless, willful, wanton and intentional conduct of the Defendant as described herein, Plaintiff Jimmie Biles, MD has incurred the following damages:

      (a)   General damages, including injury to reputation, loss of credibility among peers, patients and the public, and all other general damages;

      (b)   Verifiable lost business, past and future;

      (c)   Loss of profits, past and future;

      (d)   Loss of earning capacity;

(e)   Loss of enjoyment of life, past and future;

(f)   Emotional pain and suffering, including anxiety, depression and other mental suffering, past and future;

(g)   Exemplary and punitive damages as a result of the malicious, intentional, willful, wanton and reckless conduct of Defendant as described herein.

(h)   Costs of this action, and such other relief as the Court deems equitable and proper.

WHEREFORE, Plaintiff requests the following relief:

1.   Judgment against the Defendant for damages presumed as a result of Defendant's defamation per se imputed to Plaintiff Jimmie Biles, MD.

2.   Judgment against the Defendant for general damages in an amount consistent with the allegations contained herein and to be proven at trial.

3.   Judgment against the Defendant for special damages in an amount consistent with the allegations contained herein and to be proven at trial.

4.   Judgment against the Defendant for exemplary and punitive damages in an amount consistent with the allegations contained herein and to be proven at trial.

5.   Judgment against the Defendant for costs, interest, and such other and further relief as the Court deems just and reasonable.

DATED this 26th day of August, 2011.

_____
M. Kristeen Hand – Wyo. Bar #6-3544

R. Daniel Fleck – Wyo, Bar #6-2668
THE SPENCE LAW FIRM, LLC
15 South Jackson
P.O. Box 548
Jackson, WY 83001
(307) 733-7290
(307) 733-5248 facsimile

William L. Simpson – Wyo. Bar #5-2189
SIMPSON, KEPLER & EDWARDS, LLC
1135 14th Street
P.O. Box 490
Cody, WY 82414-0490
(307) 527-7891
(307) 527-7897 facsimile

*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, by and through counsel, and requests this matter be tried to a jury and submits the requisite fee herewith.

DATED this 26th day of August, 2011.

_____
M. Kristeen Hand – Wyo. Bar #6-3544
R. Daniel Fleck – Wyo, Bar #6-2668
THE SPENCE LAW FIRM, LLC

William L. Simpson – Wyo. Bar #5-2189
SIMPSON, KEPLER & EDWARDS, LLC

*Attorneys for Plaintiff*

COMPLAINT
PAGE 12 OF 13

## VERIFICATION

I, Jimmie G. Biles, Jr., MD, being first duly sworn upon my oath, state that I am the Plaintiff herein, that I have read the foregoing Complaint and Demand for Jury Trial, and that I know the contents thereof, and to the extent I have personal knowledge of the facts stated therein, they are true and correct.

Jimmie G. Biles, Jr., MD

STATE OF WYOMING    )
ss.
COUNTY OF PARK    )

SUBSCRIBED AND SWORN to before me this _25_ day of _August_, 2011, by Jimmie G. Biles, Jr., MD.

Debra L. Unrine
Notary Public

My commission expires: _June 15, 2015_

DEBRA L. UNRINE   NOTARY PUBLIC
COUNTY OF PARK   STATE OF WYOMING
MY COMMISSION EXPIRES JUNE 15, 2015