P. Craig Silva
Williams, Porter, Day & Neville, P.C.
P. O. Box 10700
Casper, WY  82602
307-265-0700

Attorney for Defendant

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| JIMMIE G. BILES, JR., M.D.,<br>a resident of Wyoming, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 11CV-294-J |
| LISA SHAURETTE FALLON, | ) ) ) | |
| Defendant. | ) ) | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant Lisa Shaurette Fallon, through counsel, and answers Plaintiff's

*Complaint* as follows:

1.     Plaintiff Jimmie G. Biles, Jr., MD is a resident of the State of Wyoming.

**ANSWER:  Admit.**

2.     Defendant Lisa Shaurette Fallon is a resident of the State of Indiana.

**ANSWER:  Admit.**

3.     Defendant Fallon is domiciled at:  9166 Pointe Ct., Fishers, IN 46037-9573,
Hamilton County.

**ANSWER:  Admit.**

4.     Defendant Fallon's cell phone number at times material was and still is 317.407.4360.

**ANSWER:  Admit.**

5.     Defendant Fallon's cell phone carrier was and still is Cellco Partnership, which operates in association with Verizon Wireless.

**ANSWER:  Admit.**

6.     Defendant Fallon's email address at time material was and still is lisafallon147@yahoo.com.

**ANSWER:  Admit.**

7.     Defendant Fallon has Facebook account under the name:  Lisa Shaurette Fallon.

**ANSWER:  Admit.**

8.     Prior to taking up resident in Fishers, Indiana, Defendant Fallon resided in Billings, Montana.

**ANSWER:  Admit.**

9.     While living in Billings, Montana, Defendant Fallon was employed as a nurse.

**ANSWER:  Deny.**

10.     Defendant Fallon has a college degree in nursing, and is currently employed as a registered nurse.

**ANSWER:  Admit.**

11.     Plaintiff Jimmie Biles, MD is an orthopedic surgeon practicing in Cody, Wyoming.

**ANSWER:  Admit.**

## Jurisdiction & Venue

12.     Plaintiff incorporates by reference all statements and allegations contained in numbered paragraphs above.

**ANSWER:  As to paragraphs 1-11 of Plaintiff's *Complaint*, Defendant realleges and incorporates answers to Paragraph Nos. 1-11 as set forth above as if fully set forth herein.**

13.     Jurisdiction is based on diversity of citizenship.  28 U.S.C. § 1332.  The amount in controversy is substantially in excess of Seventy Five Thousand Dollars ($75,000.00), exclusive of interests and costs.

**ANSWER:  Defendant is without sufficient information or belief to answer the allegations in Paragraph 13 of Plaintiff's *Complaint* and therefore denies the same.**

14.     This Court has both personal and subject matter jurisdiction.  Plaintiff's causes of action arise from and are directly related to the Defendant's intentional traduction distribution and publication of defamatory statements to over fourteen thousand Wyoming residents.

**ANSWER:  Deny.**

15.     Pursuant to 28 U.S.C. § 1391, the proper venue for this cause of action is the United States District Court for the District of Wyoming since this is the judicial district where a substantial part of the events giving rise to the claim occurred.

**ANSWER:  Admit.**

## Statement of Facts

16.     Plaintiff alleges and incorporates by reference herein all of the allegations contained in paragraphs above.

**ANSWER:  As to paragraphs 1-15 of Plaintiff's *Complaint*, Defendant realleges and incorporates answers to Paragraph Nos. 1-15 as set forth above as if fully set forth herein.**

17.     On or about November 9, 2010, Defendant Fallon contacted Sharp Printing, Inc., a commercial printing service located in Fishers, Indiana.

**ANSWER:  Admit.**

18.     Defendant Fallon asked the commercial printing service to provide her a cost

estimate to print and mail a particular flyer to particular addresses in Wyoming.

**ANSWER: Admit.**

19.     On or about November 9, 2010, Defendant Fallon emailed an electronic copy of the flyer and an electronic copy of the spreadsheet of mailing addresses to the commercial printing service in order to obtain an estimated cost to print and mail the flyer to the addresses contained in the spreadsheet.

**ANSWER: Admit.**

20.     Defendant Fallon used this email address to communicate with the commercial printing service:  lisafallon147@yahoo.com.

**ANSWER: Admit.**

21.     Defendant Fallon used this cell phone number to communicate with the commercial printing service:  317.407.4360.

**ANSWER: Admit.**

22.     Thereafter, the commercial printing service emailed to Defendant Fallon at her Yahoo address an estimate cost of $4,849.47 to print and mail the flyer via the United States Postal Service to the 14,239 Wyoming addresses included on defendant's spreadsheet of addresses.

**ANSWER: Admit.**

23.     All 14,239 addresses provided by the Defendant were Wyoming addresses, the vast majority of which were addresses for residents of the following Wyoming towns:  Cody, Worland, Powell, Thermopolis, Greybull, Basin, Lovell, Manderson, Meeteetse, Kirby, Ten Sleep, Frannie, Burlington, Wapiti, Cowley, Shell, Yellowstone, Otto and Byron.

**ANSWER: Admit.**

24.     Defendant Fallon hired the commercial printing service to print and mail the flyer via the United States Postal Service to the 14,239 Wyoming addresses on the spreadsheet she provided.

**ANSWER: Admit.**

25.     On or about November 30, 2010, at the direction of Defendant Fallon, the commercial printing service mailed the flyer via the United States Postal Service to the 14,239 Wyoming households listed on the spreadsheet of addresses provided by Defendant Fallon.

**ANSWER:  Admit.**

26.     Defendant Fallon personally appeared at the commercial printing service's office in Fishers, Indiana, and paid her invoice with a cashier's check.

**ANSWER:  Admit.**

27.     Defendant Fallon's cashier check was drawn from a bank called Old National, Branch No. 202, located at 9765 East 116th Street, Fishers, IN  46037.

**ANSWER:  Admit.**

28.     Defendant Fallon paid the commercial printing service a total of $5,849.47 to print and mail the flyer to 14,239 Wyoming households.

**ANSWER:  Admit.**

29.     Beginning on or about December 8, 2010, Plaintiff Jimmie Biles, MD and his wife, Rachael Biles, received phone calls from people who had received the Defendant's flyer through the United States Postal Service, and these people expressed their understanding of the defamatory natured material.

**ANSWER:   Defendant is without sufficient information or belief to answer the allegations in Paragraph 29 of Plaintiff's *Complaint* and therefore denies the same.**

30.     Plaintiff obtained a copy of the flyer from one of the recipients on December 8, 2010.

**ANSWER:   Defendant is without sufficient information or belief to answer the allegations in Paragraph 30 of Plaintiff's *Complaint* and therefore denies the same.**

31.     Defendant's flyer contains false and defamatory statements concerning the Plaintiff Dr. Jimmie Biles.

**ANSWER:  Deny.**

32.     Upon information and belief, Defendant Fallon did not act alone, but instead, published the defamatory statements concerning the Plaintiff at the request of another.

**ANSWER:  Deny.**

33.     Upon information and belief, Defendant Fallon did not use her own money to pay for the printing and mailing of the flyers, but instead, she used someone else's money to pay the commercial printing service.

**ANSWER:  Admit.**

34.     Upon information and belief, Defendant Fallon, at all times material, was acting as an agent for another person, and Defendant Fallon was doing that which was within her express, implied, or apparent authority granted to her by a principal party.

**ANSWER:  Deny.**

35.     The spreadsheet of addresses was created by Defendant Fallon.

**ANSWER:  Deny.**

36.     In the alternative, the spreadsheet of addresses was compiled by someone else at the request of Defendant Fallon.

**ANSWER:  Admit.**

37.     In the alternative, the spreadsheet of addresses was compiled by someone other than Defendant Fallon and at the request of someone other than Defendant Fallon.

**ANSWER:  It is true that the spreadsheet of addresses was compiled by someone else, but all other allegations in this paragraph are denied.**

38.     An electronic copy of the spreadsheet of addresses was given to Defendant Fallon by another person.

**ANSWER:  Admit.**

39.     The flyer was created by Defendant Fallon.

**ANSWER:  Admit.**

40.     In the alternative, the flyer was created by someone else at the request of Defendant Fallon.

**ANSWER:  Deny.**

41.     In the alternative, the flyer was created by someone other than Defendant Fallon and at the request of someone other than Defendant Fallon.

**ANSWER:  Deny.**

42.     The flyer was created on a computer owned or controlled by Defendant Fallon.

**ANSWER:  Admit.**

43.     In the alternative, the flyer was created by someone else on a computer that is and was never owned or controlled by Defendant Fallon.

**ANSWER:  Deny.**

44.     An electronic copy of the flyer was given to Defendant Fallon by another person.

**ANSWER:  Deny.**

### FIRST CAUSE OF ACTION
#### DEFAMATION

45.     Plaintiff alleges and incorporates by reference herein, all of the allegations contained in paragraphs above.

**ANSWER:  As to paragraphs 1-44 of Plaintiff's *Complaint,* Defendant realleges and incorporates answers to Paragraph Nos. 1-44 as set forth above as if fully set forth herein.**

46.     Statements of fact made in the flyer Defendant Fallon had published to 14,239 Wyoming households were false.

**ANSWER:  Deny.**

47.     Therefore, Defendant Fallon made false and defamatory statements of fact concerning the Plaintiff Jimmie Biles, MD.

**ANSWER:  Deny.**

48.     Defendant Fallon made an unprivileged publication of the defamatory statements to one or more third parties when she paid a commercial printing service to print and mail the flyers containing the defamatory statements to 14,239 Wyoming households.

**ANSWER: Deny.**

49.     Defendant Fallon's false and defamatory communications contained in the flyer tend to hold Plaintiff Jimmie Biles, MD up to hatred, contempt, ridicule and scorn; and causes the Plaintiff to be shunned and avoided; and tend to injure the Plaintiff's reputation as to diminish the esteem, respect, goodwill, and confidence in which he is held.

**ANSWER: Deny.**

50.     At the time Defendant Fallon published the defamatory flyer, she knew the material contained in the flyer was false.

**ANSWER: Deny.**

51.     At the time Defendant Fallon published the defamatory flyer, she acted in reckless disregard of whether the communication false.

**ANSWER: Deny.**

52.     At the time Defendant Fallon published the defamatory flyer, she acted negligently in failing to ascertain whether the communication was false.

**ANSWER: Deny.**

53.     Defendant Fallon published the defamatory statements with actual malice, ill will and spite toward the Plaintiff and with a reckless indifference to the right of the Plaintiff.

**ANSWER: Deny.**

54.     Defendant Fallon's false and defamatory communications concerning the Plaintiff constitute defamation per se because the false statements in the flyer impute a criminal offense on to the Plaintiff, Jimmie Biles MD, and impute conduct, characteristics and conditions intended to adversely affect the Plaintiff's fitness for the proper conduct of his lawful business, that is, the practice of medicine.

**ANSWER: Deny.**

55.     The Plaintiff Jimmie Biles, MD suffered a loss and continues to suffer a loss having economic and pecuniary value as a direct and proximate result of the false publication by Defendant.

**ANSWER:   Defendant is without sufficient information or belief to answer the allegations in Paragraph 55 of Plaintiff's *Complaint* and therefore denies the same.**

56.     Plaintiff Jimmie Biles MD is not a public figure as defined by Wyoming defamation law.

**ANSWER:   Defendant is without sufficient information or belief to answer the allegations in Paragraph 56 of Plaintiff's *Complaint* and therefore denies the same.**

57.     At the time Defendant Fallon published the defamatory statements in the flyer, she was acting in concert with and at the direction of another person.

**ANSWER:  Deny.**

58.     At the time Defendant Fallon published the defamatory flyer, she was acting as an agent for another person, and doing that which was within her express, implied, or apparent authority granted to her by her principal.

**ANSWER:  Deny.**

### SECOND CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

59.     Plaintiff alleges and incorporates by reference herein, all of the allegations contained in paragraphs above.

**ANSWER:  As to paragraphs 1-58 of Plaintiff's *Complaint,* Defendant realleges and incorporates answers to Paragraph Nos. 1-58 as set forth above as if fully set forth herein.**

60.     The intentional and reckless acts and omissions of the Defendant, as alleged herein, amount to extreme and outrageous conduct, which resulted in severe emotional distress to the Plaintiff Jimmie Biles MD.

**ANSWER:  Deny.**

61.     Defendant's conduct is so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and is to be regarded as atrocious and utterly intolerable in a civilized community.

**ANSWER:  Deny.**

62.     As a direct and proximate result of Defendant Fallon's intentional infliction of emotional distress on the Plaintiff, the Plaintiff has suffered damages for emotional distress for which the Defendant is responsible.

**ANSWER:  Deny.**

63.     At the time Defendant Fallon intentionally and recklessly published the defamatory statements in the flyer, she was acting in concert with and at the direction of another person.

**ANSWER:  Deny.**

64.     At the time Defendant Fallon published the defamatory flyer, she was acting as an agent for another person, and doing that which was within her express, implied, or apparent authority granted to her by her principal.

**ANSWER:  Deny.**

### THIRD CAUSE OF ACTION
### INTENTIONAL INTERFERENCE WITH ECONOMIC RELATIONS

65.     Plaintiff alleges and incorporates by reference herein, all of the allegations contained in paragraphs above.

**ANSWER:  As to paragraphs 1-64 of Plaintiff's *Complaint,* Defendant realleges and incorporates answers to Paragraph Nos. 1-64 as set forth above as if fully set forth herein.**

66.     Plaintiff Jimmie Biles, MD operates a medical practice in Cody, Wyoming and there exists a valid business expectancy.

**ANSWER:   Defendant is without sufficient information or belief to answer the allegations in Paragraph 66 of Plaintiff's *Complaint* and therefore denies the same.**

67.     Defendant Fallon knew that Plaintiff Jimmie Biles, MD was a medical doctor practicing in Cody, Wyoming.

**ANSWER: Admit.**

68.     By publishing defamatory and false statements to over 14,239 Wyoming households by using the United States Postal Service, Defendant Fallon intentionally and improperly interfered with Plaintiff's medical practice by inducing and causing a disruption, breach and termination of Plaintiff's business expectancy.

**ANSWER: Deny.**

69.     As a direct and proximate result of Defendant Fallon's intentional interference with and disruption of Plaintiff's business expectancy, Plaintiff Jimmie Biles, MD has suffered damages.

**ANSWER: Deny.**

70.     At the time Defendant Fallon published the defamatory and false statements causing financial injury to the Plaintiff, she was acting in concert with and at the direction of another person.

**ANSWER: Deny.**

71.     At the time Defendant Fallon published the defamatory flyer, she was acting as an agent for another person, and doing that which was within her express, implied, or apparent authority granted to her by her principal.

**ANSWER: Deny.**

<u>DAMAGES</u>

72.     As a direct and proximate result of the defamation per se imputed to Plaintiff Jimmie Biles, MD by Defendant Fallon, as described herein, damages to the Plaintiff Jimmie Biles, MD are presumed as a matter of law.

**ANSWER: Deny.**

73.     As a direct and proximate result of the negligent, reckless, willful, wanton and intentional conduct of the Defendant as described herein, Plaintiff Jimmie Biles, MD has incurred the following damages

    (a)     General damages, including injury to reputation, loss of credibility among peers, patients and the public, and all other general damages;

(b)    Verifiable lost business, past and future;

(c)    Loss of profits, past and future;

(d)    Loss of earning capacity;

(e)    Loss of enjoyment of life, past and future;

(f)    Emotional pain and suffering, including, anxiety, depression and other mental suffering, past and future.

(g)    Exemplary and punitive damages as a result of the malicious, intentional willful, wanton and reckless conduct of Defendant as described herein;

(h)    Costs of this action, and such other relief as the Court deems equitable and proper.

**ANSWER: Denied.**

74.    **Defendant specifically denies each and every allegation not specifically admitted herein.**

## AFFIRMATIVE DEFENSES

1.    Plaintiff's *Complaint* fails to state a claim upon which relief can be granted.

2.    Defendant asserts truth as a defense.

3.    All defenses outlined in W.R.C.P. 8(c).

4.    For the claim of intentional infliction of emotional distress, the alleged comments were not stated directly to the Plaintiff.

5.    Plaintiff failed to mitigate his damages.

6.    Defendant asserts any defenses that are established or pled by any other defendant should other defendants be joined in the case.

7.    Plaintiff's claim for punitive damages should be dismissed because there is a lack of a sufficient due process standard governing punitive damage awards in Wyoming. This violates due process under the Fourteenth Amendment of the United States Constitution, and Article I, Sections 6 and 34 of the Wyoming Constitution. Additionally, the imposition of punitive damages violates Article I, Section 7 of the Wyoming Constitution, and any award of punitive damages which is excessive further violates the due process clauses of both Constitutions and, as such, is void and unenforceable.

8.      Defendant will add additional defenses as they come forth in discovery.

WHEREFORE, Defendant requests that Plaintiff's *Complaint* be dismissed and Plaintiff take nothing thereby; judgment be entered for Defendant and against Plaintiff; Defendant be granted reasonable attorney's fees and expenses; and the Court grant such further and equitable relief as is just and necessary.

Dated this 7th day of October, 2011.

/s/ P. Craig Silva
P. Craig Silva, Bar #6-3066
Williams, Porter, Day & Neville, P.C.
P. O. Box 10700
Casper, WY  82602
307.265.0700

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send e-mail notification of such filing to the following: M. Kristeen Hand and R. Daniel Fleck.

/s/ P. Craig Silva
P. Craig Silva

13

P. Craig Silva
Williams, Porter, Day & Neville, P.C.
P. O. Box 10700
Casper, WY  82602
307-265-0700

Attorney for Defendant

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| JIMMIE G. BILES, JR., M.D., | ) | |
| a resident of Wyoming, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 11CV-294-J |
| vs. | ) | |
| | ) | |
| LISA SHAURETTE FALLON, | ) | |
| | ) | |
| Defendant. | ) | |

## JURY DEMAND

COMES NOW Defendant Lisa Shaurette Fallon, through counsel, and hereby demands

that all issues triable by a jury be tried to a jury.

Dated this 7th day of October, 2011.

/s/ P. Craig Silva
P. Craig Silva, Bar #6-3066
Williams, Porter, Day & Neville, P.C.
P. O. Box 10700
Casper, WY  82602
307.265.0700

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on October 7, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send e-mail notification of such filing to the following: M. Kristeen Hand and R. Daniel Fleck.

/s/ P. Craig Silva
P. Craig Silva