R. Daniel Fleck – Wyo. Bar #6-2668
M. Kristeen Hand – Wyo. Bar #6-3544
THE SPENCE LAW FIRM, LLC
15 South Jackson
P.O. Box 548
Jackson, WY  83001
(307) 733-7290
(307) 733-5248 facsimile

William L. Simpson – Wyo. Bar #5-2189
SIMPSON, KEPLER & EDWARDS, LLC
1135 14th Street
P.O. Box 490
Cody, WY  82414-0490
(307) 527-7891
(307) 527-7897 facsimile

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| JIMMIE G. BILES, JR., MD,<br>a resident of Wyoming,<br><br>    Plaintiff,<br><br>vs.<br><br>LISA SHAURETTE FALLON,<br>a resident of Indiana,<br><br>    Defendant. | **CIVIL NO. 11-cv-294-J** |

### PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND THE PARTIES' REQUEST FOR EMERGENCY HEARING

Plaintiff, by and through his counsel, objects to Defendant Fallon's request to postpone her deposition because her medical condition is not emergent, not painful, and her health will not be affected by a deposition. She is not restricted from work. She

is not on any pain medications. She is not on bed rest. Her surgery is scheduled for December 12, 2011, and surgeries of this nature are not emergent. They are usually elective. (Exhibit 4, Affidavit of P. George Poore, M.D.). Plaintiff is willing to accommodate any discomfort Ms. Fallon has during the deposition, and is willing to limit the deposition to three or four hours pending agreement the deposition can be resumed. There is nothing in the materials submitted that would prevent her from being deposed this Thursday.

Plaintiff requests an emergency hearing. The parties are scheduled to appear before this Court for an initial pretrial conference at 8:45 a.m. this Tuesday, (11/15/11). Due to the impending deposition of Ms. Fallon scheduled for Thursday (11/17/11), with attorneys scheduled to fly to Indianapolis this Wednesday (11/16/11), Plaintiff requests this Court hear arguments on this issue at the time of the initial pretrial conference this Tuesday. In support of his objection, Plaintiff states the following.

1. *Factual Background – Defamation case*

The allegations against Ms. Fallon include the intentional dissemination of defamatory material punishable by punitive damages. Plaintiff's Complaint alleges that a flyer Ms. Fallon disseminated to thousands of Wyoming households, contained false statements published with the intent to defame him. (Doc. No. 1, Plaintiff's Complaint). Ms. Fallon _admits_ to creating the flyer on her computer containing disturbing statements about the Plaintiff that she claims are true, then used the U.S. Postal Service to mail the flyer to 14,239 Wyoming addresses -- addresses that she says she obtained from a mailing list she procured from another physician in Cody – and used other people's

money to pay for the mass mailing at total cost of $5,849.47.  (Doc. No. 9, Defendant's Answer).

Evidence suggests that Ms. Fallon's actions took place in Indiana, but that she did not act alone, though she has thus far, <u>without</u> being under oath, denied conspiring with others.  She admits she used other people's money to do this mass mailing, and there is nothing to indicate Ms. Fallon had any motivation of her own to do this to the Plaintiff.  It is believed that Ms. Fallon has never met the Plaintiff, never been treated by the Plaintiff in his medical practice, and never lived in Cody, Wyoming.  Hence, there remains critical interest in whether Ms. Fallon worked alone in this process, her motivation to do this to the Plaintiff, and whether she received any economic or other indemnity from someone else to do this to the Plaintiff.  The opportunity to question her under oath immediately is paramount.

The statute of limitations for a person to allege defamation is short – one year – and is fast approaching in this case.  It may pass as early as December 8, 2011.  Ms. Fallon's sworn testimony is critical to Plaintiff's ability to discover who else may have been responsible for the alleged defamation.

It is believe Ms. Fallon may be motivated to delay Plaintiff's ability to put her under oath and discover her co-conspirator(s) until the statute of limitations passes.  It is for that reason that Ms. Fallon seems willing to agree to a postponement of her deposition, but for the reasons identified, a postponement of her deposition would severely prejudice Plaintiff's opportunity to discover facts in support of his claim considering the short statute of limitations.  Furthermore, if surgery is scheduled for

December 12, 2011, after which it is expected Ms. Fallon may not be in a condition to be immediately deposed.  This is all the more reason to proceed with her deposition Thursday.

**2.  *Ms. Fallon's diagnosed health condition is not a condition that would prevent her deposition.***

    *a.  The Doctor's Note*

While it may appear at first glance that the doctor's note submitted to the Court by Dr. Joseph is reliable and suggestive of good cause, upon closer examination, the note cannot be the basis to postpone this deposition.  Dr. Robert Joseph is not Ms. Fallon's treating gynecologist or internist.  Records indicate Ms. Fallon is being treated by Dr. Kristina Box and Dr. David Tetrick.  (Doc. No. 12, Defendant's Motion For Protective Order Pursuant to Fed. R. Civ. P. 26(c) and 30(d), Exhibits of Fallon's medical records).  Internet research indicates that Dr. Box is Board Certified in obstetrics and gynecology, and Dr. Tetrick is Board Certified in internal medicine).  (Exhibit 1).  We have not heard from her treating doctors.  There is no explanation as to why not.

Dr. Robert Joseph does not appear anywhere in Ms. Fallon's records, and there is no indication Dr. Joseph *ever* treated Ms. Fallon.  The note itself fails to identify the nature of the relationship that would give Dr. Joseph foundation for his knowledge of Ms. Fallon's condition.  Internet research indicates Dr. Joseph specializes in pulmonary critical care, a specialty unrelated to Ms. Fallon's gynecological problems.  (Exhibit 2).  What is true about Dr. Joseph, is that he practices in Indianapolis at a community hospital, in the I.C.U, where Ms. Fallon also works at one of the branches.  Whether the two are friends or know of each other is a likely possibility, although there is no

indication of any relationship between the two in the records supplied by Ms. Fallon in support of her motion. It is this latter point that precludes the Court's ability to rely on Dr. Joseph's note.

More evidence suggests the note is unreliable. The deposition is scheduled for this Thursday (11/17/11). This brief is filed on Monday (11/14/11). Right before the weekend, Defendant produced what appeared to be a note from a doctor in Indiana. (Doc. No. 12, p. 18). The note that was originally produced by Ms. Fallon is different than the note produced to the Court. The original note is attached here as Exhibit 3. Notice that the original note is undated, unsigned and on letterhead that is not specific to the physician. It is generically addressed "To Whom it May Concern." The letterhead is from the hospital organization where Ms. Fallon works and would have access to. Everything about this note defies what attorneys know about how physicians document communications about a patient's medical care with dates, specific identification of intended recipients, and most importantly, signatures. Doctors are not known to send "draft" letters to be filed in legal proceedings.

The note, even if deemed reliable, really only says one thing. It reaches medical conclusion, from a pulmonary specialist who has never treated the Defendant, that her upcoming abdominal surgery (scheduled a month away), has somehow physically impaired Ms. Fallon's ability to appear at deposition. What the note does not say is _why_ a surgery, scheduled a month out, poses a serious health risk to the patient today.

In sum, the note does not carry Ms. Fallon's burden to overcome good cause. It is at best factually and foundationally inadequate to support a finding that Ms. Fallon's

health is at serious risk while she waits for her December surgery. The note is at worst a suspicious communication intended to delay the Plaintiff's chance to discovery facts surrounding this claim and his potential claims. Regardless, it does not support good cause or undue burden such as to postpone this deposition.

   b. *The Medical Records*

The medical records do not prove what Ms. Fallon claims, that is, the records do not support a finding that she is unable to be deposed. First, Ms. Fallon claims that "both her bladder and uterus are outside her pelvic cavity." (Exhibit 5, email from Craig Silva). That is not true according to the records. She is diagnosed with "cystocele without mention of uterine prolapse." (Doc. 12, p. 17). According to doctors consulted by the Plaintiff, essentially her bladder rests at the opening of her body cavity; her uterus has not protruded. Even if Ms. Fallon had a prolapse uterus and bladder, the condition would not impair her ability to be deposed; it is not painful; it is not emergent; and many people with this condition work and go about life as normal. (Exhibit 4, Affidavit of P. George Poore, M.D.).

   Next, Ms. Fallon claims she is on bed rest. (Doc No. 12, p. 3). There is no indication in the records that bed rest has been ordered. Records indicate the only restriction she has is a lifting restriction. (Id., p. 14). How can Ms. Fallon claim she is on bed rest, which prevents her from attending a deposition, when records indicate she has not even been restricted from having intercourse? (Id., p. 17). According to the records, Ms. Fallon is not restricted from going to work and has not been prescribed pain pills – all indications of her fitness to appear for deposition.

Third, Ms. Fallon claims she could very well have surgery next week. (Exhibit 5, email from Craig Silva). However, records indicate that her surgery is scheduled for December 12, 2011, and nothing is stated in the records to even suggest her surgery is expected to become an emergent situation. (Doc. No.12, p. 14).

Further evidencing that Ms. Fallon is capable of deposition is medical testimony, attached here as Exhibit 4 from Dr. George Poore. Dr. Poore is a practicing general surgeon in Jackson, Wyoming. His testimony is that Ms. Fallon's condition, while certainly unpleasant and uncomfortable, is not painful, is not emergent, does not require bed rest, and in no way would impair a person from being deposed.

It must not be overlooked that missing entirely from the records submitted are *any* records from Dr. Robert Joseph – the doctor whose note she wishes this Court to rely upon. Plaintiff submits, that in determining whether a deposition actually poses a health risk to any witness, the Court should rely on testimony from the witness's treating physician, not a tangential physician uninvolved in the witness's physical care.

### 3. Conclusion

The veracity of Defendant's medical information submitted to the Court is questioned. Regardless, even if the evidence presented by Ms. Fallon is presumed to be true and reliable, there is no medical indication articulated in the records or in the doctor's note that Ms. Fallon is unable to attend her deposition.

Plaintiff appreciates the difficult position the Court may be in to order a deposition of a woman who does apparently have a surgery scheduled for December. Plaintiff represents that his lawyers will take whatever steps necessary to ensure that

Ms. Fallon is as comfortable as possible during her deposition.  The deposition can be taken at her home; we would accommodate any breaks or recesses Ms. Fallon may need during the deposition; and we would certainly be open to deposing Ms. Fallon for a limit of three or four hours so long as her deposition will remain open such that it can be resumed at a later date.

Defendant has not shown good cause or undue burden to prevent this deposition from taking place as scheduled next Thursday, 11/17/11 in Indianapolis, Indiana. WHEREFORE, Plaintiff respectfully requests this Court DENY Defendant's Motion for Protective Order.

DATED this 14th day of November, 2011.

   /s/M. Kristeen Hand_____
M. Kristeen Hand – Wyo. Bar #6-3544
R. Daniel Fleck – Wyo. Bar #6-2668
THE SPENCE LAW FIRM, LLC
15 South Jackson
P.O. Box 548
Jackson, WY  83001
(307) 733-7290
(307) 733-5248 facsimile

William L. Simpson – Wyo. Bar #5-2189
SIMPSON, KEPLER & EDWARDS, LLC
1135 14th Street
P.O. Box 490
Cody, WY  82414-0490
(307) 527-7891
(307) 527-7897 facsimile

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 14th day of November, 2011, the undersigned filed the foregoing Plaintiff's Objection to Defendant's Motion for Protective Order with the Clerk of Court using the CM/ECF system which sent notification of such filing upon all attorneys of record including:

P. Craig Silva
Williams, Porter, Day and Neville, P.C.
P.O. Box 10700
Casper, WY  82602
csilva@wpdn.net

        /s/ M. Kristeen Hand