Laurence W. Stinson
Wyoming State Bar #6-2918
BONNER STINSON P.C.
1421 Rumsey Avenue
Cody, Wyoming 82414
307.587.0300
Fax: 307.527.6092
Email: laurence@bonnerstinsonpc.net
Attorney for Non-Parties Schneiders

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| JIMMIE G. BILES, JR., MD,<br>a resident of Wyoming, | )<br>)<br>) |
| Plaintiff, | ) Case No. 11-CV-294J |
| vs. | ) **MOTION OF NON-PARTIES JOHN H.**<br>) **SCHNEIDER AND MICHELLE** |
| LISA SHAURETTE FALLON,<br>a resident of Indiana, | ) **(ESPARZA) SCHNEIDER TO QUASH**<br>) **SUBPOENAS** |
| Defendant. | ) |

COMES NOW non-parties John H. Schneider and Michelle (Esparza) Schneider (collectively referred to herein as "movants") and, pursuant to FRCP 45(c) and USDCLR 7.1, move the court to issue an order quashing subpoenas issued by Plaintiff.

### I.     OVERVIEW

Movants argue that the subpoenas are very broad and subject Movants to undue burden. Plaintiff has sued Defendant alleging defamation. A review of pleadings reveals that Plaintiff alleges Defendant created and circulated an allegedly defamatory mailing regarding Plaintiff. Pursuant to court order, Plaintiff has deposed Defendant in Indiana.

Movants are husband and wife. Movant John Schneider is a physician living in Park County, Wyoming. Movants are not parties to the present action; have not been deposed or interviewed in the present action; and are not parties to any litigation with the parties in this action. Neither Plaintiff nor his counsels contacted Movants or their counsel prior to or after issuance of the subpoenas to explain why Plaintiff was seeking the information and things identified by the subpoenas. Movant John Schneider was handed the subpoena for himself and the subpoena for his wife outside of West Park Hospital in Cody, Wyoming. The subpoenas list Montana addresses for the Movants, but both Movants live in Wyoming.

The undersigned is advised by counsel for Defendant, Craig Silva, that Defendant has admitted under oath that she did create the mailer which Plaintiff claims is defamatory; that she did so acting alone; and that neither Movant created, participated in creating, or previewed the mailer. The undersigned has not reviewed and was not provided any portion of Defendants testimony despite asking for the same in an attempt to understand Plaintiff's reason for issuing the subpoena.

## II.     SCOPE OF INFORMATION SOUGHT

Both subpoenas seek the following information from Movants (also attached herewith as *Exhibit A*):

- From January I, 2010 to present, a search and record of all phone calls or texts made, including the time and date they were made, from any phone in your control, including all business phones in your control, or phones you have access to, to Indiana area codes, including area codes: (317); (219); (574); *(260)i* (765); and (812).

- From January 1, 2010 to present, a search and record of all emails, and the contents of those emails, including all attachments, sent from any computer in your control (personal, professional, your employees, and business computers) to and from Ms. Lisa Shaurette Fallon, including but not limited to the following email addresses: Lshaurette@ecommunity.com; Lisafallon147@yahoo.com.

- All hard copies and/or electronically stored information referencing, mentioning, or in any way related to Ms. Lisa Fallon, Lisa Shaurette, Lisa Shaurette Fallon, Dr. Jimmie Biles and/or The Spence Law Firm.

- All hard copies and/or electronically stored information in your control related to, mentioning or saved as a result of your contact with Ms. Fallon and/or your contact with Ms. Fallon's lawyers, including all payments made and all communications made to and from Ms. Fallon's lawyers.

- Produce the following tangible things for forensic investigation:

    - All computers (personal, professional, your employees, and business computers) in your control from January 1- 2010 to the present day.

    - All phones (personal, professional, your employees, and business computers) in your control from January 2, 2010 to the present day.

- A list of all financial accounts, names on the accounts, and account numbers that you have or had access to since meeting Ms. Fallon in 1996 through the present day, and a transaction history of all monies paid to Ms. Fallon or any member of her family.

### III.    BASIS AND LEGAL STANDARD FOR MOTION TO QUASH

Plaintiff's subpoenas are extremely broad in the scope of their requests. As listed, the subpoenas seek two years of phone calls or texts to the state of Indiana or several area codes (presumably within Indiana); two years of emails to Defendant; and a listing of all financial accounts of Movants for the last fifteen plus years. The subpoenas offer no explanation why such information is sought or why the hours, hours, and hours of time it would take Movants to try and search for such information is not unduly burdensome to Movants. The subpoenas offer no explanation as to why private financial information of Movants should be disclosed to Plaintiff, who is a competing physician, or his lawyers.

In *Wiwa v. Royal Dutch Pet. Co.* 392 F.3d 812, 818 (5th Cir. 2004), the court held:

Whether a burdensome subpoena is reasonable 'must be determined according to the facts of the case,' such as the party's need for the documents and the nature and importance of the litigation." To determine whether the subpoena presents an undue

burden, we consider the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party. A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad.

(citations omitted.)

Movants submit that the subpoenas are facially overbroad. Plaintiff, as the party issuing the subpoena, has not demonstrated a need for, or relevancy of, the documents requested. Plaintiff has not produced any testimony that suggests a need for the documents requested and has not bothered to offer any theory regarding how such documents pertain to any claim or defense in the case.

## IV.     COMPLIANCE WITH DUTY TO CONFER.

As required by Rule 7.1(b)(1), Movants have conferred with Plaintiff, via counsel, and have engaged in a good faith attempt to resolve this discovery dispute. Further, Movants have sought to understand Plaintiff's reasons for issuance of the subpoenas and Plaintiff's belief, if any, that the subpoenas do not cause Movants undue burden. At the time of preparation of this motion, all such communication has been in writing and is attached hereto as *Exhibit B*. Plaintiff has not offered any such explanation.

Without the demonstration of any such connection between the lawsuit between Plaintiff and Defendant and the items (such as the actual personal computers of Movants) and things requested from Defendants, Plaintiff's subpoenas are facially overbroad and should be quashed.

## V.    CONCLUSION.

The subpoenas should be quashed. Each subpoena requires each deponent to search for and produce, if possible, emails, financial information, texts, phone call records, and also actual physical computers owned by Movants without any explanation whatsoever as to the link - relevancy - between the sought information and the claims and defenses in the lawsuit. Further, Plaintiff has demonstrated no need for such information. Lastly, based on what Defendant's counsel has relayed regarding Defendant's, Defendant has admitted to the conduct that Plaintiff claims is defamatory. It seems that all that is left is for Plaintiff to prove his case against Defendant.

WHEREFORE, Movants pray that this Court quash the subpoenas. In the alternative, Movants pray this court require Plaintiff to demonstrate an evidentiary and non-speculative need and relevancy between the documents and things sought by subpoena and the claims and defenses of the case.

DATED this 7th day of December 2011.

/s/Laurence W. Stinson
Laurence W. Stinson, WSB #6-2918
Bonner Stinson, P.C.
1421 Rumsey Avenue
Cody, Wyoming 82414
307.587.0300
Fax: 307.527.6092
Attorney for John & Michelle Schneider

## **CERTIFICATE OF SERVICE**

  I, Laurence W. Stinson, attorney for Non-Parties Schneiders, hereby certify that on the 7th day of December 2011, I served a true and correct copy of the foregoing via the CM/ECF system to:

| | |
|---|---|
| R. Daniel Fleck, WSB #6-2668<br>M. Kristeen Hand, WSB #6-3544<br>THE SPENCE LAW FIRM, LLC<br>15 South Jackson<br>P.O. Box 548<br>Jackson, Wyoming 83001<br>fleck@spencelawyers.com<br>hand@spencelawyers.com | William L. Simpson, WSB #5-2189<br>SIMPSON, KEPLER & EDWARDS, LLC<br>1135 14th Street<br>P.O. Box 490<br>Cody, Wyoming 82414-0490<br>bsimpson@skelaw.com |

                /s/Laurence W. Stinson
                Laurence W. Stinson