R. Daniel Fleck – Wyo. Bar #6-2668
M. Kristeen Hand – Wyo. Bar #6-3544
THE SPENCE LAW FIRM, LLC
15 South Jackson
P.O. Box 548
Jackson, WY  83001
(307) 733-7290
(307) 733-5248 facsimile

William L. Simpson – Wyo. Bar #5-2189
SIMPSON, KEPLER & EDWARDS, LLC
1135 14th Street
P.O. Box 490
Cody, WY  82414-0490
(307) 527-7891
(307) 527-7897 facsimile

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| JIMMIE G. BILES, JR., MD, a resident of Wyoming, ) ) ) Plaintiff, ) ) vs. ) ) LISA SHAURETTE FALLON, ) a resident of Indiana, ) ) Defendant. ) | **CIVIL NO. 11-cv-294-ABJ** |

**PLAINTIFF'S OBJECTION TO NON-PARTIES' MOTION TO QUASH SUBPOENAS**

Plaintiff, by and through his counsel, in objection to the Motion to Quash Subpoena [Doc. 17] filed by non-parties, John and Michelle Schneider, hereby states the following as evidence of good cause to deny the Motion, order immediate enforcement of the subpoena, and prevent further delay or destruction of evidence.

Rule 45(c)(3) authorizes the court to quash or modify the subpoena if it subjects a person to undue burden. Accordingly, if information sought is relevant and sought for good cause, the subpoena should be enforced absent undue burden. The Court must order the production, even if burdensome, if the serving party shows a substantial need for the material that cannot be otherwise met without undue hardship, and the serving party ensures the person will be reasonably compensated. Rule 45(c)(3)(C)(i) and (ii). Here, the information is relevant, sought for good cause, and not unduly burdensome.

The Schneiders should be ordered to comply with the subpoena because 1) the Schneiders do not deny their involvement with Ms. Fallon and her unlawful actions against Plaintiff; instead, the Schneiders object only to the breadth and burden of the subpoena, thereby acknowledging at least tacit complicity in Ms. Fallon's schemes; 2) though it is the Schneiders' burden to bring forth evidence in support of their need for relief from the subpoenas, they have not offered any factual basis for their argument that the subpoena creates undue burden; regardless, there is no undue burden imposed on the Schneiders; and 3) there exists evidence of the Schneiders' involvement in the conspiracy, and Plaintiff's subpoena is reasonably calculated to lead to the discovery of admissible evidence in this regard. Plaintiff's need for the subpoenaed information that exists only in John and Michelle Schneider's possession is paramount, both to preserve the evidence and to further evidence their involvement in this unlawful conspiracy.

**FACTUAL BACKGROUND – A CONSPIRACY TO DEFAME**

Plaintiff alleges that Ms. Fallon mailed a flyer containing false statements about the Plaintiff to 14,239 Wyoming households with the intent to defame and otherwise injure the Plaintiff. [Doc. No. 1, Plaintiff's Complaint]. Defendant Fallon admits that she intentionally published the flyer in question by paying a print company in Indiana over $5000.00 to print and

mail the flyer to all 14,239 Wyoming households. [Doc. No. 9, Fallon's Answer]. Plaintiff further alleges that at the time Ms. Fallon disseminated the flyer she was acting as an agent of another and as a member of a multi-person conspiracy designed and implemented to deceive Wyoming people and to defame and otherwise injure the Plaintiff.

Evidence that John and Michelle Schneider were Ms. Fallon's principals and instigators of this conspiracy exists and is discussed in detail below. A separate lawsuit against the Schneiders was filed in Wyoming federal court by the Plaintiff on December 7, 2011, Civil No. 11-CV-366-F. The Federal Rules of Civil Procedure allow the discovery of facts about the conspiracy between Ms. Fallon and the Schneiders. Plaintiff's subpoena is narrow in its purpose. It seeks information about the existence and extent of the conspiracy; it seeks information about the Schneiders' relationship and communications with their co-conspirator, Ms. Fallon; it seeks Schneiders' communications with Ms. Fallon's lawyer; and seeks evidence of monies given to Ms. Fallon and her lawyer by the Schneiders.

Plaintiff deposed Ms. Fallon in Indiana on November 17, 2011. With the agreement of her counsel, the Fallon transcript is sealed to sequester the testimony from co-conspirators, and no one, other than the parties and their lawyers are to gain access to the transcript. The deposition is sealed to preclude Ms. Fallon's co-conspirators from reading or otherwise learning about Ms. Fallon's testimony. Sealing the testimony is necessary to protect the integrity of the testimony, such that the co-conspirators, once under oath, will not know what Ms. Fallon said or did not say about them in deposition.

To the extent the Schneiders hope to use this motion to quash as an attempt to discover their co-conspirators testimony, Plaintiff objects to that motive as improper and outside the scope of the rules of procedure and candor to the tribunal and others. In the event the Court wishes to review the Fallon transcript *in camera*, Plaintiff will provide a sealed copy immediately upon the

Court's order.  However, for the purpose of resolving whether the Schneiders have met their burden to quash the enforcement of Plaintiff's subpoena, Ms. Fallon's deposition testimony is not necessary.  Good cause exists to enforce the subpoena immediately.

1. ***The information sought is relevant.  The Schneiders do not deny involvement in the conspiracy.***

Plaintiff's subpoenas command the Schneiders to produce and/or permit inspection and copying of tangible things and electronically stored information in their possession starting in the beginning of 2010.  This request reasonably relates to the discovery of the existence of the conspiracy between the Schneiders and Ms. Fallon to defame and otherwise injure the Plaintiff near the end of the 2010 year. (Exhibit 1, Subpoenas).   Six categories of information are sought.

1. Phone calls and text messages sent by the Schneiders to any Indiana area code starting at the beginning of 2010 to the present.

2. Email messages sent from the Schneiders' controlled computers to Lisa Fallon starting from the beginning of 2010 to the present.

3. All documents, whether tangible or electronically stored on Schneiders' computers, that reference Fallon, Plaintiff or Plaintiff's attorneys.

4. All documents, whether tangible or electronically stored on Schneiders' computers, that reference or evidence communications with Fallon's lawyers, payments made to Fallon's lawyers, or communications directed to Fallon herself.

5. Production for inspection of all of Schneiders' computers and phones in their control from the beginning of 2010 to the present for the purpose of having Plaintiff's forensic computer specialist perform a mirror image copy of the information stored on the devices.

6. A detailed list of the Schneiders' bank accounts in their control since they met Lisa Fallon, with a transaction history of all monies the Schneiders' paid to Ms. Fallon or any member of Ms. Fallon's family.

As grounds for the Motion to Quash, Schneiders' counsel states "[n]either Plaintiff nor his counsel contacted [Schneiders] or their counsel prior to or after issuance of the subpoenas to explain why Plaintiff was seeking the information and things identified in the subpoena." [Doc. 17, p. 2, ¶1]. That is incorrect. To the contrary, in several emails [Doc. 17, Exhibit B], Plaintiff's counsel told Schneiders' counsel the reason for the subpoena, to wit: "The Schneiders have been in communication (computer drafted letters/documents and emails, and use of cell phones and business phones) with Ms. Fallon in Indiana regarding the defamation of Dr. Biles. The Schneiders have also provided funds to Ms. Fallon which were used to defame Dr. Biles." [Doc. No. 17, Exhibit B, p.4, email from attorney Hand to attorney Stinson].

Despite knowing the relevant basis for the subpoena – that is, that Defendant Fallon is known to have communicated with the Schneiders regarding the Plaintiff and regarding the scheme to defame, and that Fallon was provided money by the Schneiders that was used to defame – Schneiders' Motion to Quash offers no factual denial of their involvement in the scheme. The Schneiders had every opportunity to deny any interaction or communication with Ms. Fallon about the Plaintiff or about flyers, and certainly could have denied that they gave Ms. Fallon any money during the time frame in question. In fact, counsel for Plaintiff specifically requested the following from Schneiders' counsel: "Is it [Schneiders'] position they never communicated with Ms. Fallon by phone or email regarding the allegations in the Biles' complaint or the Biles' lawsuit or regarding Jimmie Biles? Do [Schneiders] contend they never gave Ms. Fallon money?" [Doc. 17, Exhibit B, p.3].

Schneiders' counsel did not respond to those questions, and the Schneiders' Motion to Quash, despite being the place to do so, offers no answers to those questions. The Schneiders offer no denials; they simply object to burden of the subpoena. This is important because absent a denial of communications and financial transactions with Ms. Fallon regarding the Plaintiff and

flyers, and absent a factual basis for their innocence in this conspiracy, the Schneiders' Motion itself indicates complicity in Ms. Fallon's unlawful actions.

2. ***Schneiders have not met their burden to quash the subpoena because they have not shown why or how they are subject to undue burden.***

The Schneiders claim the subpoena is facially overbroad and overly burdensome, but they have not offered any factual basis to establish their need for relief from the subpoena, nor have they articulated why Plaintiff's requests subject them to undue burden. From their Motion, it cannot be deciphered whether the Schneiders are concerned with expense, time, resources, or something entirely different. Accordingly, as the moving party, they have not met their burden.

It must be noted that the Schneiders are seeking to quash the subpoena entirely and are seeking to withhold forever the requested documents and electronically stored information. A party seeking to quash [a subpoena] has a particularly heavy burden as contrasted to a party seeking only limited protection." *In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litig.*, 669 F.2d 620, 623 (10th Cir. 1982). A non-party responding to a subpoena is not in any different position than a party to the action. *Id*. Therefore, the Schneiders must, but have not, established a factual basis for how and why this subpoena subjects them to undue burden.

Because we do not know what burden the Schneiders complain of, it is difficult to respond to what may or may not be their worry about burden and expense. Despite their argument being deficient, there is no reasonable argument that the subpoena creates an undue burden. With respect to Plaintiff's request for electronically stored information, Plaintiff has been and remains willing to pay for an expert forensic computer specialist to travel to Cody and to Billings (and elsewhere) to take mirror images of all computers in the Schneiders' control since the beginning of 2010, and will provide all parties and the Schneiders copies. This would eliminate any undue burden or expense the Schneiders may be worried about.

With respect to the phone records, Plaintiff requests that the Schneiders identify all phones in their control, phone numbers used, and their phone companies since January 2010, including all phones they used to call Indiana area codes and their phone companies. Then, the Schneiders can simply request the information from their phone companies and/or consent to the various phone companies' production of a record of all calls and texts made. If appropriate, Plaintiff will pay for a forensic specialist to perform the examination on any smart phones and will provide copies to everyone. This is neither expensive nor unduly burdensome on the Schneiders.

With respect to the bank accounts, Plaintiff requests that the Schneiders identify all accounts in their control since they met Defendant by name of the financial institution, name of the particular account, number or identification code for the account and location, and then consent to the various financial institution's production of a record of all transactions made to Defendant Fallon or any member of her family. Again, this is not unduly burdensome.

To the extent Schneiders claim undue burden, they have not shown the Court why the motion should be denied. To the extent there is any plausible undue burden or expense on the Schneiders, Plaintiff has offered solutions, and the motion should be denied.

3. *The information sought is reasonably calculated to lead the discovery of admissible evidence, and Plaintiff has demonstrated particular need for the information.*

In the event the Schneiders respond to this pleading by deciding now to deny involvement with Ms. Fallon's scheme to defame, that late argument is objectionable and that position is not credible. The Schneiders state in their motion that "[i]t seems that all that is left is for Plaintiff to prove his case against Defendant (Fallon)." [Doc. 17 p. 5]. That is a disingenuous statement to the Court considering Plaintiff's conspiracy charge in this case. It is a statement intended to shift focus away from facts already established, which show that

Defendant Fallon did not act alone, and in fact, was acting as the Schneiders' agent in furtherance of the conspiracy. And last, it is a statement that underscores Plaintiff's need for the information sought, his need to preserve evidence, and the very real potential that evidence may be destroyed or altered in this case.

There is information that factually supports Plaintiff's allegations that the Schneiders instigated and remain complicit in the scheme to defame the Plaintiff. For example, Defendant Fallon's interrogatory answers provide the following facts:

- Fallon has been family friends with the Schneiders for years.
- Fallon hired the printing company on November 9, 2010. Defendant Fallon communicated directly with John Schneider about the Plaintiff in October 2010, over the phone, via email and through the transmission of electronically stored documents.
- John Schneider discussed with Defendant Fallon the idea to send a flyer in the mail about the Plaintiff, and John Schneider knew beforehand that Defendant Fallon was going to send a flyer to 14,239 Wyoming addresses about the Plaintiff.
- Before the flyer was sent, John Schneider fed Ms. Fallon false information about the Plaintiff over the phone, in documents and/or in emails. For example, Ms. Fallon stated in interrogatory answers that John Schneider told her that the Plaintiff had been in a drunken car accident (this is a false statement); that Plaintiff left his car wrecked on the side of the road (this is a false statement); that Plaintiff was "trying to run" physicians out of town (this is a false statement); that none of the orthopedic surgeons liked the Plaintiff (this is a false statement); that a voice recording exists of the Plaintiff admitting to trying to run physicians out of town (this is a false statement); that Plaintiff fought with police (this is a false

statement). All of this information was provided to Defendant Fallon by John Schneider before the flyer was sent, and all of it is false.

- Before Defendant Fallon sent the flyer, John Schneider specifically told her that at least nine doctors in Cody were talking about the Plaintiff and considered the Plaintiff to be an impaired physician by the hospital's credentialing and executive committee (this is a false statement).

- John Schneider personally, and on his own, bought the mailing list from an on-line service, and he directed the on-line service to make sure the mailing list be compiled of those Wyoming persons in Plaintiff's patient base in the Big Horn Basin.

- John Schneider purchased the mailing list on October 25, 2010, discussed with Defendant Fallon the idea of sending flyers to the Plaintiff's patient base, gave the mailing list to Defendant Fallon, and she sent the flyers a couple weeks later.

- Defendant Fallon used Michelle [Esparza] Schneiders' money to defame the Plaintiff.

- It is believed the Schneiders are paying for Ms. Fallon's lawyer to defend Fallon in this defamation suit.

- After Ms. Fallon was sued in this lawsuit, several calls were placed to Indiana from West Park Hospital phones, including many calls directly to Fishers, Indiana where Ms. Fallon lives.

Defendant Fallon did not act alone. Prima facie evidence exists that John and Michelle Schneider conspired with Ms. Fallon, and set Ms. Fallon up as their agent and directed her on a course to defame the Plaintiff by providing her with false ideas, money and a mailing list. The

production of the requested evidence is necessary to reveal the full truth and the extent of the conspiracy, and Plaintiff's need for the information is paramount.

WHEREFORE, Plaintiff requests the Schneiders' Motion to Quash be DENIED, and that the Schneiders be order to immediately comply with the subpoena.

DATED this 21st day of December, 2011.

    /s/ M. Kristeen Hand
M. Kristeen Hand – Wyo. Bar #6-3544
R. Daniel Fleck – Wyo. Bar #6-2668
THE SPENCE LAW FIRM, LLC
15 South Jackson
P.O. Box 548
Jackson, WY  83001
(307) 733-7290
(307) 733-5248 facsimile

William L. Simpson – Wyo. Bar #5-2189
SIMPSON, KEPLER & EDWARDS, LLC
1135 14th Street
P.O. Box 490
Cody, WY  82414-0490
(307) 527-7891
(307) 527-7897 facsimile

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 21st day of December, 2011, the undersigned filed the foregoing PLAINTIFF'S RESPONSE TO MOTION TO QUASH SUBPOENA with the Clerk of Court using the CM/ECF system which sent notification of such filing upon all attorneys of record including:

P. Craig Silva - Wyo. Bar #6-3066
Williams, Porter, Day & Neville, P.C.
PO Box 10700
Casper, WY 82602
Tel: (307) 265-7000
*Attorney for Defendant*

Laurence W. Stinson, Wyo. Bar #6-2918
Bonner Stinson P.C.
1421 Rumsey Avenue
Cody, Wyoming  82414
307.587.0300
Fax:  307.527.6092
Email:  Laurence@bonnerstinsonpc.net
*Attorney for John and Michelle Schneider*

         /s/ M. Kristeen Hand
         M. Kristeen Hand – Wyo. Bar #6-3544
         R. Daniel Fleck – Wyo. Bar #6-2668
         THE SPENCE LAW FIRM, LLC
         15 South Jackson
         P.O. Box 548
         Jackson, WY  83001
         (307) 733-7290
         (307) 733-5248 facsimile

         William L. Simpson – Wyo. Bar #5-2189
         SIMPSON, KEPLER & EDWARDS, LLC
         1135 14th Street
         P.O. Box 490
         Cody, WY  82414-0490
         (307) 527-7891
         (307) 527-7897 facsimile

         *Attorneys for Plaintiff*