U.S. DISTRICT COURT
DISTRICT OF WYOMING

JAN 06 2012

Stephan Harris, Clerk
Cheyenne

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| JIMMIE G. BILES, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| vs. | ) No. 11-CV-294J |
| | ) |
| | ) |
| LISA SHAURETTE FALLON, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| JOHN H. SCHNEIDER and MICHELLE | ) |
| SCHNEIDER, | ) |
| | ) |
| Non-Party Movants. | ) |

## ORDER DENYING MOTION OF NON-PARTIES JOHN H. SCHNEIDER AND MICHELLE (ESPARZA) SCHNEIDER TO QUASH SUBPOENAS

The motion to quash subpoenas filed by the movant non-parties John H.

Schneider and Michelle (Esparza) Schneider (Docket Entry 17) and the plaintiff's

response in opposition to the motion (Docket Entry 18) came before the Court

for hearing on January 4, 2012.  Counsel for the moving non-parties, plaintiff

and defendant all participated in the hearing by telephone conference call.

1

After considering the written submissions offered by the moving non-parties and plaintiff, having carefully listened to and considered the arguments offered at the hearing, and being fully advised, the Court FINDS that the Motion to Quash Subpoenas should be DENIED.

For the reasons stated at the hearing, as reflected more fully on the record of the proceedings, the Court finds there is no reason to delay ruling on the motion and that the motion to quash should be denied. The allegations of conspiratorial conduct in a case such as the instant one often depend on analysis and consideration of circumstances and must be resolved and determined according to the facts known and discovered in the case. Unquestionably, plaintiff needs all information relevant to aid in discovering the conduct of actors who are alleged to have been involved in the claimed conspiracy to defame the plaintiff.

The heart of the moving non-parties' argument is that the subpoena is overly broad and places an undue burden on them. This requires the Court to evaluate these arguments in the context of Rule 45 of the Federal Rules of Civil Procedure. Relevant provisions of Fed. R. Civ. P. 45 include:

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must

quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person--except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

In S.E.C. v. Dowdell, 144 Fed. Appx. 716, 724 (10th Cir. 2005), the

court found the district court did not abuse its discretion denying a motion to

quash the subpoena because of overbreadth. In that opinion, the appellate

court cited Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44, 48-49

(S.D.N.Y. 1996). In Concord Boat Corp. the court offered the following

guidelines for analysis of this type of issue:

As this Court frequently has noted, "the burden of persuasion in a motion to quash a subpoena issued in the course of civil litigation is borne by the movant." United States v. International Bus. Mach Corp., 83 F.R.D. 97, 104 (S.D.N.Y. 1979); IBM, 70 F.R.D. at 702; see 9A Wright & Miller, § 2449, at p. 46. Whether a subpoena imposes upon a witness an "undue burden" depends upon "such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period

3

covered by it, the particularity with which the documents are described and the burden imposed." IBM, 83 F.R.D. at 104. In addition, the status of a witness as a non-party to the underlying litigation "entitles [the witness] to consideration regarding expense and inconvenience." Fed. R. Civ. P. 45(c)(2)(B) ("an order to compel production shall protect any person who is not a party from significant expense...."); Semtek, 1996 WL 238538, at *2. The determination of issues of burden and reasonableness is committed to the sound discretion of the trial court. Id. at *3; 9A Wright & Miller, Federal Practice and Procedure, § 2463.

See also Wiwa v. Royal Dutch Petroleum Co., 392 F.3d 812, 818 (5th Cir. 2004)[1].

The Court has considered this guidance and the parties' respective positions regarding the motion to quash now at issue. The Court is satisfied that the evidence sought pursuant to this subpoena will be relevant and

---

[1]"The moving party has the burden of proof . . . to demonstrate "that compliance with the subpoena would be 'unreasonable and oppressive.'" . . . "Whether a burdensome subpoena is reasonable 'must be determined according to the facts of the case,' such as the party's need for the documents and the nature and importance of the litigation." . . . To determine whether the subpoena presents an undue burden, we consider the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. . . . Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party. . . . A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad." (footnotes and citations omitted).

significant in discovering the contours of any conspiracy giving rise to plaintiff's defamation claims. Defendant Fallon did not have any close connections in the Park County area other than the Schneider family. Following the deposition of Defendant Fallon, it appears that she claims she was solely responsible for the flyer and did not receive approval of it from Dr. Schneider prior to its dissemination. In contrast, among other things, plaintiff has asserted a belief that Defendant Fallon was acting as a conduit of information that was funneled to her from someone in Park County and was not the initial source of the defamatory materials.

The information sought by this subpoena would be relevant and necessary to the parties in attempting to ascertain the truth in this regard. The time periods and scope of the subpoena's requests appear to be reasonable and relevant to the matters at issue in this case. As such, the Court finds the document request encompassed in the subpoena is not overbroad nor is it unduly burdensome and the moving non-parties have not carried their burden of persuasion. It is also important to note that the plaintiff has accepted responsibility for payment of the costs of production and agrees that any forensic analysis or examination of computers, electronic devices, or media should be conducted by independent third party experts, with particular care

to protect confidential information, such as, by way of example, attorney client privileged information and confidential patient HIPAA[2] information. It is therefore

**ORDERED** that the Motion to Quash shall be, and hereby is, **DENIED.**

**It is further**

**ORDERED** that the moving non-parties, John Schneider and Michelle Schneider, shall produce the documents and items requested by the subpoena.

**It is further**

**ORDERED** that plaintiff shall pay all costs of production as a condition of production and will utilize the services of an independent third party expert for forensic analysis and examination of computers, electronic devices and electronic media, at plaintiff's expense.

Dated this _____ day of January 2012.

ALAN B. JOHNSON
UNITED STATES DISTRICT JUDGE

---

[2]Health Insurance Portability and Accountability Act of 1996 (HIPAA) Pub.L. 104–191, Aug. 21, 1996, 110 Stat. 1936, 29 U.S.C. §§ 1181 *et seq.*