Laurence W. Stinson
Wyoming State Bar #6-2918
BONNER STINSON P.C.
1421 Rumsey Avenue
Cody, Wyoming 82414
307.587.0300
Fax: 307.527.6092
Email:  laurence@bonnerstinsonpc.net
ATTORNEY FOR NON-PARTIES SCHNEIDERS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| JIMMIE G. BILES, JR., MD, a resident of Wyoming, | ) ) ) |
| Plaintiff, | ) Case No. 11-CV-294F ) |
| vs. | ) ) |
| LISA SHAURETTE FALLON, a resident of Indiana, | ) ) ) |
| Defendant. | ) |

### OBJECTION TO PLAINTIFF'S MOTION TO SEAL AND SEQUESTER WITNESS TESTIMONY PURSUANT TO FED. R. EVID. 615

_____

COME NOW Non-Parties JOHN H. SCHNEIDER and MICHELLE RENE SCHNEIDER, by and through their attorney, Laurence W. Stinson of Bonner Stinson, P.C., Cody, Wyoming, and provide the court, Plaintiff Biles, and Defendant Fallon with their objection to *Plaintiff's Motion to Seal and Sequester Witness Testimony Pursuant to Fed. R. Evid. 615*.

Lisa Shaurette Fallon is the sole Defendant in this action. Plaintiff took Fallon's deposition on November 17, 2011. Plaintiff has requested this court to seal Fallon's deposition and to permanently sequester witness testimony pursuant to Fed. R. Evid. 615.

Fed. R. Evid. 615 states that,

At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony. Or the court may do so on its own. But this rule does not authorize excluding:

(a) a party who is a natural person;
(b) an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney;
(c) a person whose presence a party shows to be essential to presenting the party's claim or defense; or
(d) a person authorized by statute to be present.

"Exclusion of persons who are parties would raise serious problems of confrontation and due process. Under accepted practice, they are not subject to exclusion." *Notice of Advisory Committee on Proposed Rules*; 6 Wigmore §1841. Schneiders, one or both of them, fit exclusions (a) and/or (c) of the federal rule. Although Schneiders are not parties to this particular lawsuit, they are parties to *Biles v. Schneider*, et. al., Civil No. 11-CV-366-F, in which Plaintiff accuses Schneiders of many of the same claims as they accuse Fallon in this action. Defendant Fallon has sought to consolidate the two cases together (a request that Schneiders consent to insofar as discovery is concerned), but Plaintiff seeks to exclude Schneiders and has resisted consolidation while engaging in discovery *in the Fallon case* that is, in honesty, related to Schneiders not Fallon. Thus, Plaintiff's motion to seal should be denied on the basis that it seeks to exclude a party in an identical and/or related action

who is a natural person and/or a person (or persons) whose presence (and therefore knowledge) has been shown essential.

There must be a balance between potential cross-contamination of witness testimony and a defendant's right of access to information critical to his/her defense. To encourage Plaintiff to release Fallon's transcript, Schneiders offered to agree to a protective order regarding the deposition and will agree to not disseminate the transcript outside of litigation. Plaintiff did not respond to this request, and Schneiders subsequently filed a motion in *Biles v. Schneider*, et. al., Civil No. 11-CV-366-F requesting the Court to release the transcript.

Schneiders need the information contained within Fallon's deposition so they may fully and accurately supplement their defenses and counterclaim. Pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure, "a party may not ordinarily discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative. However, subject to Rule 26(b)(4) those materials may be discovered if: (i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ.P. 26(b)(3).

Under Rule 26(b)(1), parties to a lawsuit may "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons

having knowledge of any discoverable matter." Fed. R. Civ.P. 26(b)(1); *Robbins v. U.S. Bureau of Land Management,* 219 F.R.D. 685, 688 (D.Wyo., 2004).

Also pursuant to Rule 26(b)(1), with showing of good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. This court has broad discretion in fashioning the terms and conditions of discovery. *Marsee v. U.S. Tobacco Co.,* 866 F.2d 319, 326 (10th Cir.1989). Although unconventional, counsel for Schneiders will agree to a provision in the protective order that he/they will not show the deposition transcript to clients Schneider.

In *Conrad v. Bd of Johnson County Com'rs*, et. al., the United States District Court for Kansas treated Plaintiff's motion to sequester deposition witnesses as a motion for a protective order. 2001 WL 1155298 *1 (D.Kan). Finding that Plaintiff had not established good cause for her request, the Court stated,

> Plaintiff has failed to make a specific showing of harm that would justify sequestration here. Virtually every case and every deposition is fact intensive and involves many disputed issues of facts. Plaintiff offers no particular facts that would lead the Court to conclude that these witnesses cannot be trusted to tell the truth or that their attendance at each other's depositions will affect their testimony.

*Id.*

Courts have also commented,

> In 1993, Rule 30(c)[1] of the Federal Rules of Civil Procedure was amended to make clear that deposition witnesses are not subject to sequestration as a matter of course. Rule 30(c) now provides in pertinent part that "[e]xamination and cross-examination of witnesses at oral depositions may proceed as permitted at the trial under the provisions of the Federal Rules of Evidence except Rules 103 and 615." Fed.R.Civ.P. 30(c) (emphasis added). Rule 615 of the Federal Rules of Evidence provides that the court, upon request, will "order witnesses excluded so that they cannot hear the testimony of other witnesses."

Objection to Plaintiff's Motion to Seal and Sequester Witness Testimony Pursuant to Fed. R. Evid. 615 – Page 4 of 7

> Fed.R.Civ.P. 615. The 1993 Advisory Committee Notes emphasize that Rule 615's exclusion from Rule 30(c) was intended to establish a general rule that "other witnesses are not automatically excluded from a deposition simply by the request of a party." (emphasis added). Instead, exclusion requires that the court grant a protective order pursuant to Rule 26(c)(5).

*Hardwood v. Ferguson Advantage Imports Isuzu-Subaru-Kia-Suzuki, LLC*, 2010 WL 3239368 *1 (N.D.Okla) (citing to *Jones v. Circle K Stores, Inc.*, 185 F.R.D. 223, 224-25 (M.D.N.C. 1999).

Fallon's deposition testimony is very material to Schneiders' defense. The undersigned's belief is that Plaintiff took Fallon's testimony with the hope Fallon would testify that Schneiders were the creator of the flyer at issue. P. Craig Silva, defense counsel for Fallon in this action, has represented to the undersigned that under oath, Fallon denied any involvement in a conspiracy with the Schneider Defendants. In fact, Fallon is reported to have accepted full and sole responsibility for the creation and mailing of the flyer at issue. Thus, Fallon did not testify in the manner Plaintiff expected; i.e. she did not testify that Schneiders were involved in creation of the flyer. It was only after Fallon was deposed – immediately following the depositions - that Plaintiff sought to informally (and now formally) seal Fallon's deposition so the truth would not come out—specifically, that Fallon accepted sole responsibility.

It is imperative that Schneiders receive a copy of Fallon's deposition as the information contained therein may provide them with additional defenses to raise in their case. Without access to her deposition, Schneiders will be prohibited from asserting all possible defenses and counterclaims. Furthermore, if the deposition is

sealed and not produced, Schneiders will be required to redepose Ms. Fallon. She resides in Indiana. A second deposition will result in unnecessary expense and burden to all parties. Schneiders have satisfied the criteria of Rules 26(b)(1) and 26(b)(3)(ii) because they have substantial need for the material to prepare their case and cannot, without undue hardship, obtain their substantial equivalent by other means. Fed. R. Civ.P. 26(b)(3). Thus, good cause exists for the court to deny *Plaintiff's Motion to Seal*.

Again, Fallon is reported to have accepted full and sole responsibility for the flyer at issue, yet Plaintiff filed a *Complaint* against Defendants Schneider alleging Schneiders conspired with Fallon. Plaintiff has now requested that the Court seal Fallon's deposition and sequester all future witness testimony. Schneiders' counsel should be entitled to review Fallon's deposition given the relatedness of the two cases. Plaintiff has failed to show good cause for his motion and it should be unequivocally denied.

WHEREFORE, Schneiders respectfully request that this Court DENY *Plaintiff's Motion to Seal and Sequester Witness Testimony Pursuant to Fed. R. Evid. 615*.

RESPECTFULLY SUBMITTED this 27th day of February, 2012.

*/s/ Laurence W. Stinson*
Laurence W. Stinson, WSB #6-2918
Bonner Stinson, P.C.
1421 Rumsey Avenue
Cody, Wyoming 82414
307.587.0300
Fax: 307.527.6092
ATTORNEY FOR NON-PARTIES SCHNEIDERS

## **CERTIFICATE OF SERVICE**

      I, Laurence W. Stinson, attorney Non-Parties Schneiders, hereby certify that on the 27th day of February 2012, I served a true and correct copy of the foregoing via the CM/ECF system to:

R. Daniel Fleck, WSB #6-2668  
M. Kristeen Hand, WSB #6-3544  
THE SPENCE LAW FIRM, LLC  
15 South Jackson  
P.O. Box 548  
Jackson, Wyoming 83001  
fleck@spencelawyers.com  
hand@spencelawyers.com  

William L. Simpson, WSB #5-2189  
SIMPSON, KEPLER & EDWARDS, LLC  
1135 14th Street  
P.O. Box 490  
Cody, Wyoming 82414-0490  
bsimpson@skelaw.com  

P. Craig Silva  
WILLIAMS, PORTER, DAY & NEVILLE, P.C.  
159 North Wolcott Street, Suite 400  
P.O. Box 10700  
Casper, Wyoming 82602  
csilva@wpdn.net  

                                                    */s/ Laurence W. Stinson*  
                                                    Laurence W. Stinson