IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| JIMMIE G. BILES, JR., MD., | FILED<br>U.S. DISTRICT COURT<br>DISTRICT OF WYOMING<br><br>FEB 29 2012<br><br>Stephan Harris, Clerk<br>Cheyenne |
| Plaintiff, | |
| vs. | Case No. 11-CV-294-F |
| LISA SHAURETTE FALLON, | |
| Defendant. | |

**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO SEAL AND SEQUESTER WITNESS TESTIMONY PURSUANT TO FED. R. EVID. 615**

This matter is before the Court on Plaintiff's Motion to Seal and Sequester Witness Testimony Pursuant to Fed. R. Evid. 615. Plaintiff seeks an Order from the Court sealing the deposition testimony of the Defendant, Lisa Fallon. Ms. Fallon's deposition was taken on November 17, 2011 in Indiana. At the close of her deposition, her deposition was sealed by mutual agreement between Ms. Fallon's lawyers and Dr. Biles' lawyers. The parties agreed to seal Ms. Fallon's deposition to prevent her co-conspirators from reviewing her deposition prior to providing their own deposition testimony.

Plaintiff desires to prevent distribution of Plaintiff's deposition testimony to the Defendants in another matter–11-CV-366- *Biles v. Schneider*. Defendants in that case have

filed a motion for discovery of Ms. Fallon's transcripts. The Schneiders, non-parties in this matter, filed an objection to the Plaintiff's motion to seal and sequester witnesses.

The Court has reviewed Plaintiff's motion and is fully informed. The Court finds that good cause exists to seal Ms. Fallon's deposition until after John H. Schneider and Michelle Schneider are deposed. This allows the alleged co-conspirators to give independent testimony without first knowing what other individuals have said under oath. The Court is concerned about the prejudice to Plaintiff if the Schneiders are provided an opportunity to review Ms. Fallon's testimony prior to providing their own testimony.

Accordingly, IT IS ORDERED that Plaintiff's motion to seal the transcripts of Ms. Fallon's deposition is GRANTED IN PART. The deposition transcripts of Lisa Fallon are sealed and prohibited from disclosure to any person not identified as an agent of a party until after John H. Schneider and Michelle Schneider are deposed. Any agent of a party shall be bound by this Order. After Plaintiff has deposed John and Michelle Schneider, Plaintiff's deposition will no longer be sealed.

Additionally, Plaintiff seeks an order sequestering witnesses. Plaintiff seeks to prevent any other witnesses from reviewing or otherwise learning of other witnesses' testimony. Rule 615 of the Federal Rules of Evidence provides that the Court upon request, will "order witnesses excluded so that they cannot hear the testimony of other witnesses." Fed. R. Evid. 615. Rule 30(c) of the Federal Rules of Civil Procedure makes it clear that deposition witnesses are not subject to sequestration as a matter of course. Fed. R. Civ. P.

30(c). Rule 30(c) states: "examination and cross-examination of witnesses [at oral depositions] may proceed as permitted at the trial under the provisions of the Federal Rules of Evidence, *except* Rules 103 and 615." *Id.* (emphasis added); *see* Fed. R. Civ. P. 30(c) 1993 Amendments ("The revision provides that other witnesses are not automatically excluded from a deposition simply by the request of a party"). Instead, exclusion of individuals requires a protective order under Rule 26(c). *See Harriet Conrad v. Bd. of Johnson County Kansas Commissioners,* 6:10-CV-00188, 2011 U.S. Dist. LEXIS 16210, at *2 (D. Kan. Sept. 17, 2001).

In light of the Federal Rules of Civil Procedure, the Court will treat Plaintiff's motion as a motion for a protective order to prevent witnesses from learning of other witnesses' testimony. "It is well settled that the decision whether to enter such an order lies within the court's discretion." *Harriet Conrad,* 2011 U.S. Dist. LEXIS 16210, at *2-3 (citing *Thomas v. Inter'l Bus. Mach.,* 48 F.3d 478, 482 (10th Cir. 1995)).

In *In re Levine,* 101 B.R. 260 (D. Colo. 1989), the plaintiffs desired to test the observation, recollection, and communication of each deponent independently. The Court concluded that was sufficient to show good cause where the plaintiffs alleged fraud and conspiracy to commit fraud. The Court concluded that sequestering witnesses was essential to prevent influence to the deponents. *See also Beacon v. R.M. Jones Apartment Rentals,* 79 F.R.D. 141 (N.D. Ohio 1978) (sequestering various defendants and corporate officials in a Title VIII housing discrimination action to permit the greatest opportunity for evaluation of

the testimony); *Dade v. Willis*, 1998 U.S. Dist. LEXIS 5941 (E.D. Penn 1998). Additionally, "authority to sequester witnesses from depositions for good cause has repeatedly been extended to exclude even party witnesses." *Dade*, 1998 U.S. Dist. LEXIS 5941, at *3. Moreover, upon issuing a sequestration order, Courts frequently prohibit all communication between counsel and a witness regarding his own or other witnesses' depositions. *Id.* (discussing cases prohibiting all communication between counsel and a witness regarding his own or other witnesses' depositions). Otherwise, "[a] circumvention of the rule does occur where witnesses indirectly defeat its purpose by discussing testimony they have given and events in the courtroom with other witnesses who are to testify." *United States v. Johnston*, 578 F.2d 1352, 1355 (10th Cir. 1978).

The Court finds that good cause exists to sequester all witnesses that are deposed in the discovery of this case. Despite Ms. Fallon's statements to the contrary, Plaintiff alleges Defendant published the defamatory statements concerning the Plaintiff at the request of John and Michelle Schneider. Plaintiff presented evidence to suggest the parties may have been involved in a conspiracy to defame Plaintiff and continue to engage in that conspiracy to cover up the Schneiders' actions by having Ms. Fallon accept full responsibility for the defamatory flyer. The credibility of the witnesses are extremely important to the allegations present in this case. The Court believes a protective order is necessary to ensure the independent testimony of witnesses without first knowing what other witnesses have testified to under oath. Therefore, with the exception of the parties and agents of parties, witnesses

shall not be allowed to review or otherwise learn of other witnesses' testimony. Counsel for the Defendant shall not inform any other witnesses, or the Defendants in *Biles v. Schneider*, about what other witnesses have testified about at deposition. Additionally, the Defendant in this matter is barred from discussing her deposition testimony with the Schneiders.

## Conclusion

For the reasons discussed above, Plaintiff's motion to seal Ms. Fallon's deposition transcripts is GRANTED IN PART. Ms. Fallon's deposition shall not be disclosed to any person not identified as an agent to a party in this case until after John and Michelle Schneider are deposed. Once Mr. and Mrs. Schneider are deposed, Ms. Fallon's deposition will no longer be sealed and may be discovered by Mr. and Mrs. Schneider.

Second, the Court will GRANT a protective order to sequester all witnesses that are deposed in the discovery of this case. All witnesses, with the exception relating to Mr. and Mrs. Schneider discussed above, shall not be allowed to review or otherwise learn of other witnesses' testimony.

Dated this 29 day of February, 2012.

NANCY D. FREUDENTHAL
CHIEF UNITED STATES DISTRICT JUDGE