R. Daniel Fleck – Wyo. Bar #6-2668
M. Kristeen Hand – Wyo. Bar #6-3544
THE SPENCE LAW FIRM, LLC
15 South Jackson
P.O. Box 548
Jackson, WY  83001
(307) 733-7290
(307) 733-5248 facsimile

William L. Simpson – Wyo. Bar #5-2189
SIMPSON, KEPLER & EDWARDS, LLC
1135 14th Street
P.O. Box 490
Cody, WY  82414-0490
(307) 527-7891
(307) 527-7897 facsimile

*Attorneys for Plaintiff*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| JIMMIE G. BILES, JR., MD,<br>a resident of Wyoming,<br><br>    Plaintiff,<br><br>    vs.<br><br>LISA SHAURETTE FALLON,<br>a resident of Indiana,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)   **CIVIL NO. 11-cv-294-F**<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO CONSOLIDATE**

Plaintiff, through counsel, hereby submits his Opposition to Defendant Lisa Shaurette Fallon's Motion to Consolidate Plaintiff's case against her with Plaintiff's case against

Defendants John Henry Schneider, Jr., M.D., *et al.*, Civil No. 11-366-F [Doc. 33], for the following reasons:

## I. INTRODUCTION

Consolidation would result in severe prejudice to Plaintiff. Rule 42(a) permits the Court to consolidate certain cases when there are common questions of law and fact, and when consolidation will result in a more efficient resolution of the parties' disputes. However, consolidation is not appropriate when to do so would result in prejudice to one of the parties. *Lewis v. ACB Business Servs., Inc.*, 135 F.3d 389 (6th Cir. 1998) (it is the district's court's responsibility to ensure parties are not prejudiced by consolidation).

Consolidating these cases for discovery purposes may prove to be somewhat more economically efficient, but consolidation will hinder access to the truth, allow the co-conspirators intimate opportunities to continue to collude, and should not be allowed in these circumstances. Plaintiff has alleged Ms. Fallon and the Schneiders were involved in a conspiracy to defame and defraud the Plaintiff. Evidence has been presented that Ms. Fallon's testimony in her deposition and in her interrogatories has been tampered with and illegally influenced. (*See*, Doc. No. 18, in Civil Action No. 11-CV-366F, Plaintiff's Opposition to Schneiders' Motion to Release Deposition of Lisa Fallon). Evidence exists that she has been instructed by her co-conspirators to "take a bullet" for them." (Id). Evidence exists that Ms. Fallon's co-conspirators have promised her money if she "takes a bullet" for them. (Id). This Court has sealed and sequestered witnesses in the Fallon case in light of the potential for collusion among the Schneiders and Ms. Fallon. (Doc. No. 34, Order Sealing and Sequestering).

2

No argument advanced by Ms. Fallon for economy justifies a result that proves wholly antithetical to the judicial process. Any "economy" arguments to consolidate these cases are superseded by the very real potential of the Defendants to continue to collude and conspire were they to become parties in the same case.

## II. LEGAL ARGUMENT

Pursuant to FRCP Rule 42(a), the Court can provide for the effective management of judicial time for consolidation of related matters:

> If actions before the Court involve a common question of law or fact, the Court may:
> (1) join for hearing or trial any or all matters at issue in the action;
> (2) consolidate the action; or
> (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a). The goal of the rule gives the Court discretion to consolidate separate lawsuits involving a common question of law or fact. *See Shump v. Balka,* 574 F.2d 1341, 1344 (10th Cir, 1978). However, when exercising the court's authority to consolidate, "the discretion to consolidate is not unfettered. Considerations of convenience and economy must yield to a paramount concern for a fair and impartial trial." *Malcolm v. National Gypsum Co.,* 995 F.2d 346, 350 (2d Cir. 1993) (citations omitted). Additionally, the following factors should be considered when determining whether consolidation is warranted:

> (1) whether separate trials will help to simply the issues and avoid confusion;
> (2) whether separate trials will result in duplication of evidence;
> (3) whether separate trials will create a risk of consistent verdicts;
> (4) whether separate trials will result in the efficient use of judicial resources;
> (5) whether separate trials will expedite or delay the proceedings; and
> (6) the effect on the parties' rights to a jury trial.

*Commonwealth Land Title Insurance Co. v. IDC Properties, Inc.,* 482 F. Supp. 2d 203, 206

(D.R.I. 2007) (citations omitted).  Implicit in the court's directions in *Malcolm* and *IDC Properties, Inc.* is the notion that consolidation must not prejudice the parties.

In support of her motion, Ms. Fallon maintains that her case should be consolidated with the Schneiders' case because "[a] cursory review of the two Complaints reveals the common facts and law at issue in this case." [Doc. No. 33, Fallon's Motion to Consolidate at ¶3].  But that is incorrect.  A review of the two Complaints highlights a different legal theory the Schneiders are facing, and further highlights the obvious conflict of interest that Ms. Fallon has, yet is choosing to ignore, by seeking to consolidate these cases.

While there is certainly some overlap regarding the facts and law that are relevant to both disputes, and while some economic efficiency may be promoted by consolidating the two cases, Ms. Fallon ignores the distinct theory of recovery made against the Schneiders that is different than the claim made against her. The Schneiders are accused of violating federal criminal statutes amounting to predicate acts that establish a pattern of racketeering activities causing injury to the Plaintiff.  A civil racketeering claim is not made in the Fallon case.  Courts are discouraged to consolidate when there are distinct questions of law and fact between the cases. When an action by the ex-president of a corporation against the new chairman of the board and others was based on alleged violations of the Securities Exchange Act, abuse of process and libel, inter alia, and would add distinct and unrelated questions to the trial of an action by the corporation against the ex-president, consolidation of the actions was denied.  *International Prods. Corp. v. Koons*, 33 F.R.D. 21, 24 (D.C.N.Y. 1963).

Ms. Fallon's motion to consolidate is against her best interest, which may be her choice,

4

but what must not be overlooked is the fact that the person asking for consolidation is the person who has been asked to "take a bullet." [*See*, Doc. No. 18, in Civil Action No. 11-CV-366F, Plaintiff's Opposition to Schneiders' Motion to Release Deposition of Lisa Fallon] Part of Ms. Fallon's intention to "take a bullet" for her co-conspirators is to invite her co-conspirators into this lawsuit. Ms. Fallon invites her co-conspirators into her lawsuit despite the fact that the Schneiders have taken the position that she, and she alone, is at fault for all claims made against them. By not raising defenses available to her, and by seeking to consolidate her case with those that intend to blame her at trial, it is obvious Ms. Fallon intends to do as she was asked, that is – to take a bullet for her friends, the Schneiders. The potential for more abuse of process and collusion were theses cases to be consolidated stands to prejudice the Plaintiff.

Numerous other cases illustrate why consolidation is often inappropriate. "Although the district courts generally take a favorable view of consolidation, the mere fact that a common question is present, and that consolidation is permissible under Rule 42(a), does not mean that the trial court judge must order consolidation. Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus, *Federal Practice and Procedure* § 2383 (3d ed. 2011) (footnotes omitted). Consolidation often is improper if it aligns a party in a portion of the litigation with other parties with whom he or she has a conflicting interest with regard to other portions of the consolidated litigation." *Id.* On a motion to consolidate, the moving party bears the burden of proof. *Id.* (citing *Internet Law Library, Inc. v. Southridge Capital Mgmt.*, 208 F.R.D. 59 (D.C.N.Y. 2002). Defendant Fallon has failed to meet her burden to show that consolidation would not unfairly align her claims and defenses with the Schneiders.

Although considerations of judicial economy favor consolidation, those considerations must yield to a paramount concern for a fair and impartial trial. *Solvent Chem. Co. v. E.I. Dupont De Nemours & Co.*, 242 F. Supp. 2d 196, 221 (D.C.N.Y. 2002) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990)). For example, one court explained: "These cases were consolidated for trial upon motion under Rule 42.01 of Rules of Civil Procedure. This should not have been done. As members of this court we know that the consolidation of some cases has resulted in more confusion, longer and more complicated trials, with perverse verdicts, than existed under the old practice." *Lambach v. Northwestern Refining Co.*, 1961, 111 N.W.2d 345, 354, 261 Minn. 115 (Dell, C.J., concurring). Although it is required that a common question of law or fact be present as a prerequisite to consolidation, the mere presence of a common question does not require consolidation. *Continental Bank & Trust Co. v. Ols. E. D. Platzer*, 304 F. Supp. 228, 228 (D.C. Tex. 1969). And, "in resorting to the use of Rule 42(a) the trial judge should be most cautious not to abuse his judicial discretion and to make sure that the rights of the parties are not prejudiced by the order of consolidation under the facts and circumstances of the particular case." *DuPont v. Southern Pac. Co.*, 366 F.2d 193, 196 (5th Cir. 1996) (Fisher, J.), *cert. denied* 87 S. Ct. 1027, 386 U.S. 958, 18 L.Ed.2d 106; *see also EEOC v. Die Fliedermaus, L.L.C.*, 77 F. Supp. 2d 460, 466 (D.C.N.Y. 1999) (considerations of convenience and economy secondary to ensuring fair and impartial trial; consolidation appropriate as long as potential for confusion or prejudice does not outweigh efficiency gains); *Vallero v. Burlington N. R.R. Co.*, 749 F. Supp. 908, 913 (D.C. Ill. 1990) (Federal Employers' Liability Act actions arising out of collision between railroad and truck would not be

consolidated when consolidation could injure the interests of railroad, which could try to show that one plaintiff was negligent and thereby reduce its own liability to that plaintiff, but any showing of negligence on the part of that plaintiff could work against railroad in second action by rendering railroad liable to second plaintiff for first plaintiff's negligence).

Consolidation of these cases involving co-conspirators – when there is already evidence of collusion – would cause prejudice to the Plaintiff that outweighs any potential benefits consolidation might produce.

WHEREFORE, Plaintiff requests that the Court DENY Defendant's Motion to Consolidate.

Respectfully submitted this 29th day of February 2012.

/s/ M. Kristeen Hand
M. Kristeen Hand – Wyo. Bar #6-3544
R. Daniel Fleck – Wyo. Bar #6-2668
THE SPENCE LAW FIRM, LLC
15 South Jackson
P.O. Box 548
Jackson, WY  83001
(307) 733-7290
(307) 733-5248 facsimile

William L. Simpson – Wyo. Bar #5-2189
SIMPSON, KEPLER & EDWARDS, LLC
1135 14th Street
P.O. Box 490
Cody, WY  82414-0490
(307) 527-7891
(307) 527-7897 facsimile

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 29th day of February, 2012, the undersigned filed the foregoing PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO CONSOLIDATE with the Clerk of Court using the CM/ECF system which sent notification of such filing upon all attorneys of record including:

P. Craig Silva - Wyo. Bar #6-3066
Williams, Porter, Day & Neville, P.C.
PO Box 10700
Casper, WY 82602
Tel: (307) 265-7000

*Attorney for Defendant*

           /s/ M. Kristeen Hand
           M. Kristeen Hand – Wyo. Bar #6-3544
           R. Daniel Fleck – Wyo. Bar #6-2668
           THE SPENCE LAW FIRM, LLC
           15 South Jackson
           P.O. Box 548
           Jackson, WY  83001
           (307) 733-7290
           (307) 733-5248 facsimile

           William L. Simpson – Wyo. Bar #5-2189
           SIMPSON, KEPLER & EDWARDS, LLC
           1135 14th Street
           P.O. Box 490
           Cody, WY  82414-0490
           (307) 527-7891
           (307) 527-7897 facsimile

           *Attorneys for Plaintiff*