P. Craig Silva Bar No. 6-3066
Williams, Porter, Day & Neville, P.C.
P. O. Box 10700
Casper, WY 82602
Phone: 307-265-0700
Facsimile: 307-266-2306
csilva@wpdn.net

Attorney for Defendant

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF WYOMING**

| | | |
|---|---|---|
| JIMMIE G. BILES, JR., M.D., a resident of Wyoming, | ) | |
| Plaintiff, | ) | No. 11CV-294-J |
| vs. | ) | |
| LISA SHAURETTE FALLON, | ) | |
| Defendant. | ) | |

**RESPONSE TO WYOMING BOARD OF MEDICINE'S OBJECTION TO SUBPOENA**

**COMES NOW** Defendant Lisa Shaurette Fallon, through counsel, and hereby submits its Response to the Wyoming Board of Medicine's Objection to Subpoena. The grounds for said response are as follows:

1. On February 14, 2012 Defendant served on the Wyoming Board of Medicine a subpoena for any and all complaints for Jimmie G. Biles, Jr. M.D. Def.'s **Ex. A *Subpoena***.

2. On February 22, 2012 Wyoming Board of Medicine Objected to the Subpoena. Def.'s **Ex. B. *Objection***. The objection was not filed with the Court.

3. The claim being made by the Wyoming Board of Medicine is one of statutory privilege. Under Fed. R. Civ. P. 45(d)(2)(A) "[a] person withholding subpoenaed information under a claim that is privileged or subject to protection as trial preparation material must: (i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications or tangible things in a manner that, without revealing the information itself privileged or protected, will enable the parties to assesses the claim." The objection does not identify if any such documentation exist on Dr. Biles. The rule requires a privilege log. *See* e.g. *Employer's Reinsurance Corp, v. Clarendon National Insurance Co.,* 213 F.R.D. 422, 428 (D. Kan. 2003)(well established law in this district that failure to produce a privilege log can result in waiver of any protection afforded those documents).

4. The clear language of Wyo. Stat. 33-26-408 (Lexis 2012) does not apply to the items requested by the subpoena. The flyer at issue in this case provides that "The Wyoming Board of Medicine told me he has several complaints from other doctors and Physician Assistants." The subpoena at issue seeks only "complaints." The statute cited does not refer to "complaints" but instead speaks of "investigative notes, attorney's notes, work product and reports, pleadings, correspondence, witness statements and depositions transcripts and copies of original medical and prescription records in possession of the board. . ." All the subpoena seeks is "complaints" and "complaints" are none of the documents listed in the statute.

5. This is a question of statutory construction. Generally the Court interprets statutes by giving effect to the legislature's intent. The inquiry is one relating to the ordinary and obvious meaning of the words employed according to their arrangement and connection. The

Court should give effect to every word, clause, and sentence and construe together all components of a statute in *pari materi*. Statutory interpretation is a question of law. If a statute is clear and unambiguous, the Court simply gives effect to its plain meaning. *Wesaw v. Quality Maintenance,* 2001 WY 17, ¶ 13, 19 P.3d 500, 506 (Wyo.2001) (quoting *In re Claim of Prasad,* 11 P.3d 344, 347 (Wyo.2000)). Only when the Court finds a statute to be ambiguous does it resort to the general principles of statutory construction. *Wesaw,* 2001 WY 17, ¶ 13, 19 P.3d at 506 (quoting *In re Claim of Prasad,* 11 P.3d at 347). The Court is is guided by the full text of the statute, paying attention to its internal structure and the functional relation between the parts and the whole. *In re Worker's Compensation Claim of Johnson,* 2001 WY 48, ¶ 8, 23 P.3d 32, 35 (Wyo.2001) (quoting *In re Hernandez,* 8 P.3d 318, 321 (Wyo.2000) and *Parker Land and Cattle Co. v. Wyoming Game and Fish Com'n,* 845 P.2d 1040,1045 (Wyo.1993)). "Complaints" is noticeably absent from the list had the legislature wanted to exclude "complaints" it very well could have put that language in the statute but it is noticeably absent. Therefore, the "complaints' against Dr. Biles are subject to production under the subpoena.

**WHEREFORE** Ms. Fallon would request the Court overrule the Board of Medicine's objection and require production of the "complaints" pursuant to the subpoena.

Dated this 5th day of March, 2012.

/s/ P. Craig Silva
P. Craig Silva, Bar #6-3066
Williams, Porter, Day & Neville, P.C.
P. O. Box 10700
Casper, WY 82602
307-265-070

**CERTIFICATE OF SERVICE**

I hereby certify that on March 5th, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send e-mail notification of such filing to the following: M. Kristeen Hand, R. Daniel Fleck, Kennard F. Nelson.

/s/ P. Craig Silva
P. Craig Silva

AO 88 (rev. 1/94) Subpoena in a Civil Case

**Issued by the**
**UNITED STATES DISTRICT COURT**
**DISTRICT OF WYOMING**

JIMMIE G. BILES, JR. M.D., a resident of Wyoming,

VS

LISA SHAURETTE FALLON

SUBPOENA IN A CIVIL CASE:

[1]CASE NUMBER 11-CV-294-F

TO: Wyoming Board of Medicine, 320 West 25th St. Suite 200, Cheyenne, WY 82002

☐ **YOU ARE COMMANDED to appear at the place, date, and time specified below to testify in the above case.**

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| US District Court, District of Wyoming<br>2120 Capitol Avenue, Rm 2131<br>Cheyenne, WY 82001 | DATE AND TIME |

☐ **YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.**

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

■ **YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):**

Documents and objects: Any and all complaints for Jimmie G. Biles, Jr. M.D.

| PLACE | DATE AND TIME |
|---|---|
| WPDN, PO Box 10700, Casper, WY 82602 | 3/14/2012 |

☐ **YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.**

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE AND TIME |
|---|---|
| | 2/14/2012 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
P. Craig Silva
159 N. Wolcott St. Suite 400
Casper, WY 82601 (307) 265-0700

(See Rule 45, Federal Rules of Civil Procedure. Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number above.

EXHIBIT A - SUBPOENA

AO 88 (rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

SERVED DATE PLACE

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the proof of service is true and correct.

Executed on ______________ DATE ______________________ SIGNATURE OF SERVER

______________________

______________________

______________________ ADDRESS OF SERVER

RULE 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Certificate of Service

I hereby certify on the 15th day of February, 2012 a true and correct copy of the foregoing was served via email to the following:

R. Daniel Fleck
M. Kristeen Hand
The Spence Law Firm, LLC
15 South Jackson
PO Box 548
Jackson, WY 83001
fleck@spencelawyers.com
hand@spencelawyers.com

Laurence Stinson
Bonner Stinson, PC
1421 Rumsey Avenue
Cody, WY 82414
laurence@bonnerstinsonpc.net

P. Craig Silva

Kennard F. Nelson –WY Bar #5-1308
Senior Assistant Attorney General
2424 Pioneer Avenue, Third Floor
Cheyenne, WY 82002
(307)777-7890

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF WYOMING**

JIMMIE G. BILES, Jr., M.D.,
a resident of Wyoming,

Plaintiff,

vs.

LISA SHAURETTE FALLON,
a resident of Indiana,

Defendant.

**CASE NO. 11-CV-294-F**

---

**WYOMING BOARD OF MEDICINE'S**
**OBJECTION TO SUBPOENA**

---

The Wyoming Board of Medicine (Board), by and through the Wyoming Attorney General's Office, hereby objects to the Subpoena received on February 15, 2012, on the following grounds:

1. Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure, as it applies to this objection, provides:

> Subject to subdivision (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena . . . serve upon the party or attorney

RECEIVED
FEB 23 2012



EXHIBIT B- OBJECTION

> designated in the subpoena written objection to inspection or copying of any or all of the designated materials . . . .

Subsection (d)(2) does not apply to this objection.

2. Service of the subpoena was accepted on February 15, 2012, and the Subpoena commanded the production of: "Any and all complaints for Jimmie G. Biles, Jr. M.D."

3. The Board is not a party to the above-captioned action.

4. The Board maintains disciplinary records of physicians licensed in Wyoming, including Dr. Biles, and objects to providing the disciplinary information requested in the Subpoena because the information is, by statute and rule, confidential and may not be released. Wyo. Stat. Ann. § 33-26-408 provides, as pertinent:

> . . . .
>
> (f) The following documents are not public documents and are not subject to disclosure by the board to any person or entity nor are they subject to discovery in any civil or administrative action or admissible in any nonboard proceeding except when necessary for further board action, in any action in which the board may be named as a party or upon judicial review of a board order:
>
> > (i) Investigative notes, attorney's notes and work product and reports, pleadings, correspondence, witness statements and deposition transcripts and copies of original medical and prescription records in the possession of the board, whether acquired by the board, by any agent of the board or by any agency that has cooperated with or provided information to the board regarding the investigation of a disciplinary docket; and
> >
> > . . . .
>
> (g) A respondent in a disciplinary case shall not be entitled to copies of investigative materials unless the material is relevant to an ongoing investigation or a contested case hearing.

> (h) The confidentiality of all documents and information described in this section shall exist and continue regardless of whether the confidential material is in the custody of any agency of the United States or any other agency of the state of Wyoming with whom the board has cooperated or is cooperating in an investigation.
>
> (j) This section shall not be construed to prohibit the board from publishing in a directory or otherwise disclosing, general information about its licensees and former licensees including names, practice addresses, dates of licensure, licensure by other states, areas of practice, education, training and specialty board certifications.

Board Rules, Chapter 6, Section 3 provides, as applicable:

> (a) For all purposes, the term 'board record' as set forth in W.S. 33-26-408(f) includes all information acquired by the board by any means except:
>
> > (i) The name of the licensee;
> >
> > (ii) The licensure status of a licensee, i.e., current and in good standing, current with conditions or restrictions, lapsed, suspended, surrendered or revoked;
> >
> > (iii) The professional designation of a licensee, i.e., M.D., D.O., P.A., or P.A.-C.;
> >
> > (iv) The licensee's medical specialty;
> >
> > (v) Whether the licensee is board certified; and
> >
> > (vi) The current practice address and current telephone number at such address of a licensee.
>
> (b) All other information except that specifically described in subsection (a) maintained or in the possession of the members, employees or agents of the board, shall be considered a 'board record', including but not limited to documents, records, summaries, photographs, diplomas, correspondence, test scores and licensure verification, and shall not be available for public dissemination or disclosure except as required by W.S. 33-26-408(f).

> (c) The Board may disseminate the information set forth in subsection (a) above by any means including, but not limited to, responses to inquiries, any Internet web pages maintained or contributed to by the Board and in the physician directory published annually by the Board.
>
> (d) This definition shall not restrict the type or content of information that the Board is required to disclose pursuant to W.S. 33-26-202(b)(vii) or information, the disclosure of which has been waived by the licensee who is the subject of such information.

5. The provisions of Statute and Rule cited above prohibit the Wyoming Board of Medicine providing the documents it is commanded to produce by the Subpoena. It therefore serves this objection to the Subpoena pursuant to Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure.

Dated this 22nd day of February, 2012.

Kennard F. Nelson, WY Bar #5-1308
Senior Assistant Attorney General
2424 Pioneer Avenue, Third Floor
Cheyenne, WY 82002
(307)777-7890
Attorney for the Wyoming State
Board of Medicine

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing Wyoming State Board of Medicine's Objection to Subpoena on the 22nd day of February, 2012, by placing a full, true and correct copy in the U. S. mail, postage prepaid, and addressed to:

P. Craig Silva
159 N. Wolcott Street, Suite 400
Casper, WY 82601

R. Daniel Fleck
P.O. Box 548
Jackson, WY 83001

Office of the Attorney General