FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2012 MAR 6 AM 10 19

STEPHAN HARRIS, CLERK
CHEYENNE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

---

| | |
|---|---|
| JIMMIE G. BILES, JR., MD, a resident of Wyoming, | |
| Plaintiff, | |
| vs. | Case No. 11-CV-294-F |
| LISA SHAURETTE FALLON, a resident of Indiana, | |
| Defendant. | |

---

**ORDER DENYING DEFENDANT'S MOTION TO CONSOLIDATE**

---

This matter is before the Court on Defendant's Motion to Consolidate Cases for Discovery. Defendant seeks to consolidate this case with *Biles v. Schneider*, No. 11-CV-366 for purposes of pre-trial discovery. The Court has reviewed Defendant's motion and is fully informed.

In this action, Plaintiff claims Defendant created a defamatory flyer and used a commercial printing service to mail 14,239 defamatory fliers to Wyoming households. The Complaint alleges Defendant may have acted at the request of other individuals when

creating and mailing the flyer. Plaintiff brings claims for (1) defamation; (2) intentional infliction of emotional distress; and (3) intentional interference with economic relations.

In *Biles v. Schneider*, Plaintiff claims Mr. Schneider and his wife, Mrs. Schneider orchestrated a scheme to defame and defraud the Plaintiff by using Ms. Fallon to publish defamatory statements about Mr. Biles. Plaintiff claims Defendants set out to destroy Plaintiff's credibility as a medical doctor, destroy his reputation in the community, and destroy his medical practice. Plaintiff further alleges Defendants intended to have Ms. Fallon accept full and sole responsibility for them in this lawsuit by having Ms. Fallon deny Defendants' involvement. Plaintiff presents claims for (1) Defamation; (2) Joint Enterprise; (3) Intentional Infliction of Emotional Distress; (4) Intentional Interference with Economic Relations; and (5) Conspiracy in violation of 1962(c) and (d).

## DISCUSSION

If the Actions before the Court involve a common question of law or fact, the Court may:

(1) join for hearing or trial any or all matters at issue in the action;

(2) consolidate the action; or

(3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a). "The decision whether to consolidate is left to the sound discretion of the trial court." *Frederick v. Southern Star Central Gas Pipeline, Inc.*, No. 10-1063, 2010 U.S. Dist. LEXIS 116821, * 4 (D. Kan. Oct. 29, 2010) (citing *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978)). "Consolidation of cases is permitted as a matter of convenience and economy." *Harris v. Illinois-California Express, Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982). The party requesting consolidation must show that judicial economy is not outweighed by the possibility of delay or prejudice to the opposing party. *Bank of Montreal v. Eagle Assocs.*, 117 F.R.D. 530, 532 (S.D.N.Y. 1987).

There is no question regarding whether both cases involve the same facts and similar issues of law. In both cases, Plaintiff claims Lisa Fallon distributed a flyer to 14,239 households with defamatory statements about Dr. Biles. Plaintiff claims Ms. Fallon distributed the flyer at the request of Mr. and Mrs. Schneider. Additionally, it is likely both cases will involve similar discovery.

With the similar facts and claims in the two cases, the Court agrees with Defendant that it would be more efficient to consolidate these matters. However, the benefits from judicial economy would likely be outweighed by the dangers of unfair prejudice to Plaintiff if the cases are consolidated. Plaintiff alleges Defendants continue to collude and conspire to have Ms. Fallon take responsibility for the entire scheme to defame Plaintiff. Plaintiff has

presented evidence to suggest the Schneiders continue to influence Ms. Fallon. If the cases are consolidated, it would provide further opportunity for the Schneiders to influence Ms. Fallon and increase the risk that witnesses may not provide independent testimony.

Although both cases have similar facts, the Court does not believe consolidation is appropriate at this time. Plaintiff presents different causes of action against the Defendants in the separate cases including a civil RICO claim. Additionally, the Court believes Plaintiff may suffer severe prejudice if the cases are consolidated. The Court understands many witnesses may be deposed twice, and economically, it may be beneficial to consolidate the cases. However, these concerns are outweighed by the dangers of prejudice and unfairness to Plaintiff if the cases are consolidated.

## CONCLUSION

For all the reasons discussed above, Defendant's motion to consolidate cases is DENIED without prejudice. However, if the parties believe consolidation may be appropriate at a later date, they can bring it to the Court's attention at that time.

Dated this 6th day of March, 2012.

NANCY D. FREUDENTHAL
CHIEF UNITED STATES DISTRICT JUDGE